MORRIS WHITMAN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    January 20, 1902. — April 1, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Evidence,* Opinion, Materiality.  *Negligence.*

On the issue of due care of the plaintiff in an action for injuries caused by a col-
lision of a street car with the plaintiff's wagon, the plaintiff cannot be asked,
what his judgment was as to whether there was a chance for him to cross the
track, he having already testified that he had formed such a judgment.  His
judgment is immaterial on the question whether he was negligent.*

TORT for injuries caused by the plaintiff being thrown out of
his wagon which came in collision with a car of the defendant as
the plaintiff was driving across Washington Street from Cherry
Street to Davis Street in Boston.   Writ dated July 14, 1898.

At the trial in the Superior Court before *Hardy,* J., on the
question of the plaintiff's due care, the plaintiff's counsel asked
the plaintiff "Now, did you form a judgment at the time as to
whether there was a chance for you to cross the track?"   He
answered "Yes, sir."  His counsel then asked him "Now, what
was that judgment?"   The plaintiff's counsel stated, that by
this last question he expected to show that the plaintiff formed
a judgment at that time that he had ample opportunity to do
without danger what he attempted to do.   The judge upon the
objection of the defendant excluded the evidence.

The jury returned a verdict for the defendant; and the plain-
tiff alleged exceptions.

The case was argued at the bar in January, 1902, and after-
wards was submitted on briefs to all the justices.

*J. A. Halloran,* for the plaintiff.

*W. B. Farr,* for the defendant.

HOLMES, C. J.   Whether the plaintiff was negligent or not
did not depend upon the plaintiff's judgment but upon that of
the jury, whose duty it was to decide whether he showed the
caution which a man of ordinary prudence would observe.

* Cf. *Coleman* v. *Lowell, Lawrence & Haverhill Street Railway, post.*

Therefore from that point of view the excluded evidence was immaterial. *Commonwealth* v. *Pierce*, 138 Mass. 165, 176.

The question excluded did not seek to bring out a portion of the surrounding facts which could not be stated adequately in detail and which therefore needed to be summed up in some general phrase, as often happens. The external situation sufficiently appeared.

Again there was no question as to what the plaintiff knew about the situation.

The only material fact that we can think of that possibly might have been conveyed by the plaintiff's answer is that he did not get himself run down on purpose. But it does not appear that the defendant charged him with intentionally bringing about the accident, or that the question had any such matter in view. If it was thought necessary to deny intention, a question easily could have been framed that would have been free from objection. Unless it was argued that the plaintiff did intend to get himself run down, his own judgment of the facts sufficiently appeared by what he did. He was allowed to testify that he formed a judgment. See *Missouri, Kansas & Texas Railway* v. *Miller*, 8 Tex. Civ. App. 241, 246.

*Exceptions overruled.*