DENNIS McCROHAN *vs.* ARCHIBALD T. DAVISON.

Suffolk.     January 11, 1905.— March 2, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence,* Contributory, On highway.  *Evidence,* Opinion, Materiality.

One crossing a street on an icy morning in winter who looks both ways and sees no team approaching except a horse and sleigh at a distance and, thinking that he has plenty of time to cross before the horse will reach him, walks on in his usual way without looking again at the horse and sleigh and when he is about a foot from the curbstone is struck by the sleigh and thrown down and injured, can be found to be in the exercise of due care.

In an action for personal injuries from being run into by the defendant's horse and sleigh when crossing a street, the plaintiff can be allowed to testify that he looked in both directions and could see no team approaching except the defendant's horse and sleigh and that he thought he had plenty of time to cross the street.  *Whitman* v. *Boston Elevated Railway,* 181 Mass. 138, explained.

TORT for injuries from being run into by the defendant's horse and sleigh while crossing Sumner Street near the corner of Willis Street in that part of Boston called Dorchester. Writ dated February 18, 1901.

At the trial in the Superior Court before *Mason,* C. J., the jury returned a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions, raising the questions stated by the court.

*C. S. Knowles,* for the defendant.

*A. H. Russell,* (*R. Sullivan* with him,) for the plaintiff.

KNOWLTON, C. J.   This is an action brought to recover damages for being struck by the defendant's sleigh, in which the defendant was driving.   The plaintiff and the defendant were the only witnesses who saw the accident, and their accounts of it were conflicting.   According to the testimony of the plaintiff, he was crossing a street at its junction with another street, on an icy morning in winter, and saw a horse and sleigh coming at a distance, the street being otherwise unoccupied.   Thinking that he had plenty of time to cross before the horse would reach him, he walked on in the usual way, and when he was within about a foot of the curbstone on the opposite corner, he

was struck by the sleigh and thrown down and injured. The defendant testified that the plaintiff slipped and fell when he was a short distance away from the horse and sleigh, and that no part of the horse or vehicle at any time came in contact with him. The question raised is whether, upon the plaintiff's testimony, there was evidence that he was in the exercise of due care.

This question must be answered in the affirmative. According to the testimony of both the witnesses, the accident happened in the daytime, in a street where there was ample space, of which, at that time, the defendant with his horse and sleigh and coachman, and the plaintiff, were the only occupants. The plaintiff was seventy-two years of age, and seeing the sleigh in the distance, he thought he could pass in safety before it would reach the crossing. He says he walked on as usual. The defendant was about to go around the corner, towards which the plaintiff was walking, and there was plenty of room to drive in such a way as not to strike him. The plaintiff had no reason to expect that a driver of a sleigh would drive against him just as he was about to step from the gutter to the curbstone, when the whole of the street about him was open for travel. He had every reason to believe that he would be seen, and left in safety. In fact he was seen, as the defendant testified, when the sleigh was three hundred feet away. It cannot be said as a matter of law that he was negligent in not watching the sleigh while it was approaching.

The defendant excepted to the admission of this testimony: "I looked east and west and couldn't see nobody coming but this man coming towards me, coming down, and I thought I would have plenty of time . . . to pass the street." In *Coleman* v. *Lowell, Lawrence & Haverhill Street Railway*, 181 Mass. 591, similar testimony was referred to in the opinion as tending to show that the plaintiff was in the exercise of due care. In *Whitman* v. *Boston Elevated Railway*, 181 Mass. 138, after a plaintiff had testified that he formed a judgment at the time as to whether there was a chance for him to cross the track, this court declined to sustain an exception to a refusal to admit testimony of what his judgment was. While it is said in the opinion that from one point of view the evidence was immaterial,

the opinion shows as the real ground of the decision, that in view of what appeared otherwise, the plaintiff was not harmed by the exclusion of it. We are of opinion that the evidence was competent.

*Exceptions overruled.*