ARTHUR J. GADBOIS *vs*. BAY STATE STREET RAILWAY COMPANY.

Essex.   November 6, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* In use of highway.   *Automobile.   Evidence,* Relevancy and mate-
riality.   *Practice, Civil,* Exceptions, Judge's charge.

In an action against a street railway corporation for damage to an automobile of
the plaintiff from being run into by a car of the defendant when the automobile
was stalled on a single track of the defendant's railway, where it appears that
the plaintiff had backed his car from his garage across the sidewalk and upon
the defendant's track when the engine stopped working and the automobile
stood still until it was struck by an approaching car of the defendant, it is proper
for the presiding judge to refuse to allow the plaintiff's counsel to ask the
plaintiff, referring to the time when his automobile was stalled, whether he
expected that the motorman was going to stop his car and whether he had rea-
sonable cause to believe that the motorman would stop his car; as, after the
automobile was stalled, the plaintiff's expectation and the reasonableness of
his belief as to what the motorman would do could not have affected the plain-
tiff's conduct, still less the conduct of the motorman, and therefore are wholly
immaterial.

An exception to a portion of a judge's charge, which refers to certain argu-
ments and the evidence on which they were based, cannot be sustained
where the arguments referred to and a part of the evidence are not before
this court.

TORT against a street railway corporation for damage to an
automobile belonging to the plaintiff which was run into by a car
of the defendant when the automobile was stalled on the defend-
ant's single track on Elliott Street in Beverly on June 17, 1911.
Writ dated November 13, 1911.

In the Superior Court the case was tried before *Hitchcock*, J.
The material facts are stated in the opinion.

On his direct examination the plaintiff was asked, "Did you
expect the motorman was going to stop his car?" The question
was objected to by the defendant, and was excluded. The plain-
tiff then was asked by his counsel, "Did you have reasonable cause
to believe that the motorman would stop his car at some point
between the clothing store and where you were then seated in your
automobile?" This question upon the defendant's objection also
was excluded.

At the close of the evidence the plaintiff asked the judge to make, among others, the following rulings:

"1. That the plaintiff had a right to assume the motorman would use reasonable care to avoid running him down."

"5. On all the evidence a verdict should be directed for the plaintiff."

The judge refused to make these rulings, and submitted the case to the jury, instructing them, among other things, as follows: "While . . . a man driving on the street, whether in an automobile or a team or vehicle of any kind, may assume that the motorman having the proper chance to observe, his field of observation not impaired, will exercise due care to avoid running him down, that does not excuse him from taking reasonable care himself, and making reasonable observations to see that he does not get into a dangerous place, and the motorman running the car along may assume that a person will exercise the ordinary degree of care to be expected from persons of age and intelligence, to see that they do not get into places of danger; but that does not excuse the motorman from exercising what senses he has, in taking what care he can reasonably be asked to take, to see that he does not put anybody in a place of danger."

Another part of the judge's charge was as follows:

"There was some reference made in the course of argument about provisions of law, relative to equipment of automobiles. The law, as it existed at that time, required that an engine of ten horse power should be equipped with two brakes, each one sufficient to save the car, and each operating independently of the other, and one so it could be operated by the axle. In less than ten horse power one brake is sufficient, that is a provision of the law, and an automobile being operated upon the public streets should be equipped in that way, and whatever that has suggested to you, is one element to be taken into consideration, as to whether the plaintiff in the case did operate his car, if it was properly equipped, as a reasonably prudent and careful person would have done at the time."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the exclusion of the questions above stated put to the plaintiff by his counsel, to the refusal of the first and

fifth rulings requested by the plaintiff and to the portion of the judge's charge last above quoted.

The case was submitted on briefs.

*G. W. Reed,* for the plaintiff.

*M. L. Sullivan & J. J. Ronan,* for the defendant.

DE COURCY, J. The collision occurred in front of the plaintiff's garage on Elliott Street in Beverly, where the single track of the defendant was located about four feet from the sidewalk. From the garage or sidewalk there was an unobstructed view of Elliott Street as far as Rantoul Street, where the electric car made the last stop before the accident; and from that street to the place of the collision the car was running at a moderate rate of speed. The plaintiff backed his automobile out of the garage and across the sidewalk; and as the rear wheels reached the short runway at the curb the engine "stalled," and the automobile came to a stop on the track, where it was struck and damaged by the approaching electric car. There was a verdict for the defendant, and the case is here on exceptions relating to evidence, to the refusal to give certain rulings, and to the judge's charge.

1. The questions as to the plaintiff's expectation that the motorman would stop his car were rightly excluded. At the time referred to the automobile was at a standstill on the track, and nothing was done or omitted by the plaintiff in reliance on the motorman's conduct; so that the evidence offered could have no bearing on his due care. Manifestly it was not relevant on the issue of the defendant's negligence. The fact that a person before taking a certain course of action formed a deliberate judgment as to the safety of so doing has been considered in some cases to be relevant to the issue whether he acted as a reasonably prudent person would act under those circumstances. But these decisions have no application under the facts here disclosed. *Whitman* v. *Boston Elevated Railway,* 181 Mass. 138. *McCrohan* v. *Davison,* 187 Mass. 466. *Ahearn* v. *Boston Elevated Railway,* 194 Mass. 350. *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232. As the plaintiff's expectation that the motorman would stop was immaterial, yet more so was his opinion that he had reasonable cause to entertain such an expectation. The evidence as to the value of the automobile related to the issue of damages, and the verdict for the defendant renders this exception immaterial.

2. The first ruling requested could not properly have been given without the qualification made in the charge. *Sheehan* v. *Boston & Northern Street Railway*, 215 Mass. 463. Clearly the fifth ruling was refused rightly, as the burden was upon the plaintiff to prove to the satisfaction of the jury the facts to which his witnesses testified and the inferences he sought to have drawn therefrom; and the judge could not direct the jury to decide that they were proved affirmatively. *Giles* v. *Giles*, 204 Mass. 383.

3. In the absence of the arguments referred to, and with only part of the evidence before us, we cannot say that the portion of the charge to which objection was made was not pertinent.

*Exceptions overruled.*