## ISABEL R. GARDNER *vs.* GEORGIA RENTON.

Suffolk.    November 14, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Gross, Motor vehicle, In use of way.  *Practice, Civil,* Charge to jury.  *Witness*, Cross-examination.

At the trial of an action of tort for personal injuries sustained when an automobile owned by the defendant, in which the plaintiff was riding as a guest, collided with another automobile, there was evidence that the defendant's automobile was following the other automobile by prearrangement; that, after the windshield of the defendant's automobile had become so covered with snow which was falling that no one could see through it, the operator of that automobile signalled the other automobile by sounding the horn, although continuing to maintain a speed of thirty-five miles an hour; that the other automobile stopped on a curve; that the operator of the defendant's automobile, which was then proceeding at twenty to twenty-five miles an hour, had thought he would be able to stop just behind the other automobile; that the distance between the automobiles looked to him greater than it in fact was; that he suddenly saw that he was getting too close to the other automobile, applied the brake hard and turned the steering wheel to the left; and that the defendant's automobile collided with the other automobile from the rear with considerable force.  The trial judge instructed the jury that, if they found that the defendant's automobile was proceeding at twenty to twenty-five miles an hour and that the operator thereof, upon seeing the other automobile standing in the road ahead, misjudged the distance or did not turn to the left soon enough, such conduct did not constitute gross negligence on the operator's part.  *Held,* that

(1)  The instruction was not a charge on the facts: the judge merely instructed the jury as to the law applicable to certain facts without stating that such were the facts;

(2)  The instruction was correct as a matter of law.

The plaintiff testified at the trial above described that he could see the other automobile before the accident.  In answers to interrogatories previously propounded to him by the defendant, the plaintiff had described the occurrence of the accident in great detail without stating that he had seen the other automobile.  On cross-examination he was asked, " . . . if you considered it important . . . that you did see the car and had mentioned it, how it happens you didn't put it in the answer [to the interrogatories] ? "  *Held,* that the question was admissible in the discretion of the trial judge.

TORT.    Writ dated December 2, 1926.

Material evidence and portions of the judge's charge to

the jury at the trial in the Superior Court before *Raymond,* J., are stated in the opinion. The jury found for the defendant. The plaintiff alleged exceptions which, after the death of *Raymond,* J., were allowed by *Sisk,* J.

*T. Hunt,* for the plaintiff.

*A. E. Bent,* (*W. I. Badger* with him,) for the defendant.

CARROLL, J. The plaintiff was injured while riding in an automobile, owned by the defendant, by reason of its collision with an automobile belonging to one Wonson. The plaintiff was the defendant's guest, on a motor trip from Gloucester to the White Mountains on October 10, 1925. They were accompanied by friends travelling in the Wonson automobile. It had been arranged that the defendant's car was to follow the Wonson car as no one in the Renton car knew the road. Soon after leaving Gloucester snow began to fall to such an extent that it became necessary to stop the Renton car every fifteen or twenty minutes to clean the wind shield as the automatic wiper did not work because of the heavy snow. This continued up to the time of the accident. The last time the Renton automobile was stopped for this purpose was about twenty minutes before the accident.

The plaintiff testified that the wind shield became covered with snow so that no one could see through it; that there was some conversation about stopping to clean the wind shield; that the Renton car signalled the Wonson car by "tooting" the horn; that after the horn was "tooted" the Renton car maintained the rate of speed of about thirty-five miles an hour; that sitting in the rear seat she could see the Wonson car through the side window. There was evidence that the Renton car came into collision with the Wonson car, which was standing still on the right of the way, striking it in the rear with sufficient force to bend its rear axle and to cut the front tires of the Renton car, to break its searchlight and wind shield, and to bend its mudguard. The driver of the Renton car testified: "I said . . . we will stop right behind Mr. Wonson's car, that is what I thought, I don't know that I said it, and I thought I was going to be able to stop approximately behind him . . . the distance . . . looked more . . . than it really was between the two cars

and when I saw . . . that he was stopping I took my foot off the gas and started to put the brake on and suddenly I saw we were getting too near and then I pushed it hard . . . so I jammed my brake on and turned the wheel to the left and we hit." There was evidence that the defendant's car was moving at the rate of twenty or twenty-five miles an hour and that the Wonson car stopped near a curve in the way. The jury found for the defendant.

The judge instructed the jury: "I am requested, Mr. Fore-man and Gentlemen, to read a statement which I will read as a fair statement of the law applicable to the facts, if you find the facts. If the jury find that the defendant's auto-mobile was proceeding along the road at a rate of speed of twenty to twenty-five miles per hour and in coming to the turn of the road the operator saw the Wonson automobile standing in the road ahead and the contact took place because the operator of the defendant's automobile mis-judged the distance or did not turn to the left soon enough, such conduct on the part of the operator is not gross negli-gence and the plaintiff cannot recover in this case even though she was herself in the exercise of due care. Perhaps that emphasizes again the matter of gross negligence because it is gross negligence alone for which the plaintiff can re-cover." To this instruction the plaintiff excepted. The plaintiff argues that this instruction was a charge on the facts and erroneous in law.

The jury were told, in effect, that the instruction on the law was applicable only if they found the facts to be as stated. The judge made no statement that the facts were as he described them. He plainly said that, if the jury found the facts as mentioned, then the defendant was not guilty of gross negligence. There was no opinion expressed by the judge on the weight or effect of the evidence nor any intimation as to who should prevail on any issue of fact. The instruc-tions were not erroneous in law. If the driver of the defend-ant's car was as a matter of fact going at the rate of twenty or twenty-five miles an hour and came to a turn in the road and the collision occurred because she misjudged the dis-tance or did not turn to the left soon enough, such conduct

was not as matter of law gross negligence. The jury might have found other facts which would warrant them in finding gross negligence on the part of the driver; but they could have found that the facts were as stated in the instruction excepted to, and if they so found, there was no gross negligence. *Altman* v. *Aronson*, 231 Mass. 588, 591. *Marcienowski* v. *Sanders*, 252 Mass. 65. *Bertelli* v. *Tronconi*, 264 Mass. 235, and cases cited. *Forman* v. *Prevoir*, 266 Mass. 111.

It appeared that an answer by the plaintiff to an interrogatory propounded by the defendant was read at the trial. In this interrogatory she was asked to describe fully what happened at the time of the accident. She answered, describing the occurrence in detail, stating the facts immediately preceding the collision, saying that the Wonson car had stopped, that the driver of the Renton car being "unable to see it in time to check her car, crashed into it with great force." On cross-examination the plaintiff was asked: "I am asking you why, if you considered it important in this case that you did see the car and had mentioned it, how it happens you didn't put it in the answer?" She answered "I told the lawyer." The plaintiff excepted. The plaintiff, not having said in her answers to the interrogatories that she saw the Wonson car, could be asked on cross-examination why she omitted to refer to it, in view of her testimony at the trial that she saw the Wonson car through the side window of the Renton car. It was at least within the discretion of the judge to admit the evidence.

We see no error in the conduct of the trial.

*Exceptions overruled.*