ONA MASON *vs.* M. MADELINE THOMAS.

Suffolk.　November 12, 1930. — January 6, 1391.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence*, Gross, Motor vehicle.

At the trial of an action by a guest against the owner of an automobile for personal injuries, it appeared that, with the consent of the defendant, who was riding in the back seat, the automobile was being driven by an unlicensed operator with little experience, beside whom sat an experienced licensed operator who was teaching him to drive; that, while driving on a cement road, with little traffic, the unlicensed driver became confused when an automobile went by at high speed, and, instead of stepping on the brake, as he intended to do, stepped on the accelerator; and that, before the licensed driver could render any assistance, the automobile was turned over and the plaintiff was injured. There was a verdict for the plaintiff. *Held*, that

(1) There was no evidence that the defendant was grossly negligent in consenting to the unlicensed operator's driving the automobile while the licensed operator was sitting by his side and evidently directing him in its operation;

(2) Even if it be assumed upon all the evidence that the unlicensed operator was at the time in question the defendant's agent and driving the machine with the defendant's consent, so that his negligence was to be attributed to the defendant, it was not shown that the defendant was to be charged with gross negligence;

(3) It could not be said that the defendant, by reason of anything done or omitted by the licensed operator, was guilty of gross negligence;

(4) A verdict should have been ordered for the defendant.

TORT for personal injuries. Writ in the Municipal Court of the City of Boston dated June 4, 1929.

On removal to the Superior Court, the action was tried before *Morton, J.* Material evidence is stated in the opinion. The judge refused to order a verdict for the defendant. There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

*M. A. Sullivan,* for the defendant.

*W. S. Casey,* for the plaintiff.

CARROLL, J. The plaintiff was the defendant's guest in her automobile. She and the defendant sat on the rear seat. Leroy Thomas, a duly licensed chauffeur of experience, was the operator. Seated on the front seat with him was one Stanley A. Starratt, who was not licensed to operate a motor vehicle. Starratt testified as follows:. at the request of the defendant he invited the plaintiff " to go for a ride and we went out in Miss Thomas's car." At the time of the injury he was taking a lesson "under the direction of Leroy Thomas." At some time before the accident the defendant " asked me if I was going to drive and I said, ' No, I don't feel like it.' Afterwards, we got out of the thicker driving and I said I thought I might drive." He had driven automobiles "perhaps three, four or five times." There were few "cars coming by," and a " car came from behind going at a very rapid rate; instinctively, being inexperienced, I drew the car to the right as the other car went flying by me. . . I put my foot on the accelerator . . . and went to put my foot on the brake, I thought I did. . . . I looked ahead and saw a tree . . . . Just at that instant Mr. Thomas reached and put his hand on the wheel." The car turned very rapidly " three quarters of the way round," and tipped over.

The defendant knew that Starratt was an inexperienced driver. The plaintiff testified, " As we were going toward the left, I saw Mr. Thomas reach for the wheel and then the car turned over and I don't remember anything else." There was a verdict for the plaintiff.

There seems to have been no substantial disagreement about the facts. The plaintiff was a guest of the defend-

ant. She can recover if the defendant was guilty of gross negligence. Thomas, the operator of the car, was a man of experience and duly licensed. He was teaching Starratt to drive. Starratt, while driving on a cement road, with little traffic, became confused when a car went by them, and, instead of stepping on the brake, as he intended to do, stepped on the accelerator and, before Thomas could render any assistance, the automobile went to the right then to the left and turned over.

It was not gross negligence on the part of the defendant to permit Starratt to drive the automobile when riding with Thomas. G. L. c. 90, § 10, as amended by St. 1923, c. 464, § 4, while it prohibits the operation of a motor vehicle by one who is not licensed, provides that " this section shall not prevent the operation of motor vehicles by unlicensed persons if riding with or accompanied by a licensed operator." A person can be taught to operate an automobile on the public highway when accompanied by a driver who is licensed, and the owner of the automobile is not guilty of gross negligence who permits this to be done, especially upon " a straight concrete road about eighteen feet wide," with little traffic. Even if it be assumed that permitting a person not licensed to operate an automobile when accompanied with a licensed operator might in certain circumstances be found to be a negligent act, upon the facts shown in this record it was not gross negligence to consent to Starratt taking a lesson and operating the motor vehicle when at his side and riding with him was a licensed operator.

Gross negligence is negligence of an aggravated character. It is a substantially greater want of care than that which constitutes ordinary negligence. As was stated in *Altman* v. *Aronson,* 231 Mass. 588, 591, 592, gross negligence " is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence." Applying this standard of gross negligence, there was no evidence that the defend-

ant was grossly negligent in consenting to Starratt's driving the car when Thomas, a licensed operator, was sitting by his side and evidently directing him in its operation.

Even if it be assumed upon all the evidence that Starratt was at the time in question the defendant's agent and driving the machine with her consent, see St. 1928, c. 317, so that his negligence was to be attributed to her, it is not shown that the defendant is to be charged with gross negligence. The evidence indicates that Starratt, because of his want of experience, became confused and excited. He was confronted with a situation with which he did not know how to deal; in this state of mind he sought to put on the brakes, and in his confusion stepped on the accelerator with the result that the injury happened. Whatever may be said of Starratt's conduct, it was not gross negligence on the part of the defendant. It was not negligence of such an aggravated character as to amount to gross negligence. *Burke* v. *Cook,* 246 Mass. 518. *Shriear* v. *Feigelson,* 248 Mass. 432. *Marcienowski* v. *Sanders,* 252 Mass. 65. *Gardner* v. *Renton,* 269 Mass. 246. Thomas, acting as he did, was not grossly negligent, even if he should have acted more promptly. It cannot be said that the defendant, by reason of anything done or omitted by Thomas, was guilty of gross negligence. The motion of the defendant for a directed verdict should have been granted.

*Exceptions sustained.*
*Judgment for the defendant.*