FRANK RENWICK vs. EASTERN MASSACHUSETTS STREET
RAILWAY COMPANY.

MARY ROCCO & another, administrators, vs. SAME.

LOTTIE J. GILCHRIST, administratrix, vs. SAME.

Essex.   December 4, 5, 1930. — March 31, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Contributory. *Evidence,* Presumptions and burden of proof,
Competency, Memoranda made by witness, Opinion. *Witness,* Cross-
examination. *Practice, Civil,* Exceptions.

Persons who, in a sparsely inhabited locality familiar to them, at about
11:20 on a cold and cloudy November night got out of automobiles,
one of which had become stalled, on a public highway beside a street
railway track on which they knew cars passed frequently at high
speed, and stood so near the track that they were struck by a street
car which approached at a speed of from forty-five to fifty miles an
hour on a down grade over the crest of a hill about eight hundred
fifty feet distant and which was not in sight when they left the auto-
mobiles but had a headlight and a well lighted body, were negligent
as a matter of law and there could be no recovery from the street
railway company either for personal injuries received by some or for
the conscious suffering or for the causing of the deaths of others,
although the motorman of the street car might have been found to
have been negligent: there was no occasion for the operation of G. L.
c. 231, § 85.

Where, at the trial of an action of tort for personal injuries, a witness
for the plaintiff stated in cross-examination that he had made notes
respecting incidents at the time of the alleged injuries and produced
the notes at the request of the cross-examiner, who read therefrom a
statement corroborating testimony given by the witness in his direct
testimony and asked questions based on them, it was proper to refuse
to permit the plaintiff thereafter to introduce the notes in evidence.

At the trial of an action against the street railway company by a man
who, although struck, was not killed in the circumstances above de-
scribed, it was proper to exclude testimony by the plaintiff to show
that when he took his position alongside one of the automobiles he
considered himself in a safe position; such testimony was in sub-
stance the opinion of the witness with regard to the safety of his
position.

THREE ACTIONS OF TORT, the first for personal injuries
suffered by the plaintiff, and the second and third by ad-

ministrators to recover for conscious suffering and the causing of the deaths of their respective intestates occurring in the circumstances described in the opinion. Writs dated June 22, 1927.

In the Superior Court, the actions were tried together before *F. T. Hammond*, J. Material evidence is described in the opinion. Subject to leave reserved under G. L. c. 231, § 120, there were recorded verdicts for the plaintiffs, respectively in the sums of $350, $3,495 and $3,495. Thereafter the judge ordered the entry of verdicts for the defendant. The plaintiffs alleged exceptions.

*J. F. Doyle*, (*R. L. Sisk* with him,) for the plaintiffs.

*S. Parsons*, (*E. F. Cook* with him,) for the defendant.

WAIT, J. These three cases, which were tried together, are before us upon the plaintiffs' exceptions to orders directing the entry of verdicts for the defendant, and to certain rulings in the exclusion of evidence at the trial. We find no error. The injured persons were standing upon the roughly ballasted roadway of the street railway in what was, practically, a part of the highway reserved for the use of the railway, where they were struck by the side of a rapidly moving street car. Two of them, Rocco and Renwick, had been riding in an automobile which had run out of gasoline and had a flat tire and was standing, stalled and unlighted, parallel with the ballasted shoulder at the edge of the travelled portion of the roadway, close to the shoulder and within about thirty-four inches of the nearest rail of the car tracks. The third, Gilchrist, had come from an automobile which had passed the first and then stopped about twenty or thirty feet beyond it. He had dimmed the lights of his automobile and left it standing in the travelled way close to the shoulder, while he went back to make inquiries. All were between the first automobile and the nearest rail of the street car track. All were familiar with the sparsely inhabited locality and knew that cars passed upon the tracks frequently at high speed. The hour was about eleven twenty o'clock on a cold and cloudy November night. There was a lighted electric street lamp about one hundred feet away to the west, and another about three hundred feet

distant to the east. The street car approached from the east. It passed the crest of a hill about eight hundred fifty feet away from the stalled automobile and then coasted down a grade which flattened from five per cent for most of the distance to about two per cent at the place of the accident. The headlight was burning, and the body of the car was well lighted. It was moving at a speed stated to be from thirty to fifty miles per hour and was swaying. All the injured men could have seen it approaching had they looked along the track near which they stood, and one of them was facing toward it. No car was in sight when they stepped from their automobiles. All had looked eastward to the crest of the hill. A witness who had walked eastward following Gilchrist from the further automobile and was touched by the car, testified that he neither saw nor heard the car until it passed him going at from forty-five to fifty miles per hour and swaying from six to twelve inches out of line. He saw it hit Gilchrist.

The evidence required findings that Gilchrist, Rocco and Renwick failed to use the care of reasonable men to guard themselves from injury. They had put themselves unnecessarily in a place of danger, close to, if not absolutely in the path of any passing car; and had taken no care to guard against injury. The serious consequences of the accident properly could not blind the trial judge to the legal effect of the evidence. The case is governed by *Will* v. *Boston Elevated Railway*, 247 Mass. 250, *Loyle* v. *Boston Elevated Railway*, 260 Mass. 404. See also *Notaro* v. *Boston Elevated Railway*, 273 Mass. 296. All the circumstances appeared in evidence. There was no occasion for the operation of G. L. c. 231, § 85. *Loyle* v. *Boston Elevated Railway, supra,* at page 406. We need not consider whether there was evidence to establish negligence of the motorman, who testified that he did not see the group close to the track until he was abreast of the Gilchrist automobile, and then did what he could to stop.

A witness, called by the plaintiffs, testified to statements made by the motorman on the night of the accident regarding his headlight and his ability to see to a distance and to

one side. On cross-examination he said that he had testified like that at the inquest, and a mistake might have been made in the stenographic notes. He further testified that he had made notes on the night of the accident. These he produced at the request of the cross-examiner, who read from them the same statement made in the direct examination, and asked questions based on them. Counsel for the plaintiffs then offered the notes and excepted to the ruling excluding them. There is nothing in this exception. No notice to produce had been given to the defence. Such use as the cross-examining counsel made of the notes after bringing out that they existed, did not make them competent as independent evidence of the facts stated. *Capodilupo* v. *F. W. Stock & Sons,* 237 Mass. 550. See *Boyle* v. *Boston Elevated Railway,* 208 Mass. 41. The plaintiffs have had the full benefit of the evidence with reference to the light and the motorman's statement. There was no prejudice from the exclusion.

The plaintiff Renwick had alighted from his automobile, gone to the rear door on the side toward the tracks, leaned in and begun a search for tools under the rear seat, when he heard Gilchrist's automobile pass and stop. He straightened up and spoke with Gilchrist when he came back. In his direct testimony after he had described the positions of Gilchrist, Rocco and himself, he was asked: "Now, at the time you started to fix your tire, took your tools out, did you think you were in a safe place to do that work?" He had said in answer, "I intended to —" when counsel for the defendant said "Wait," and the judge said "Excluded." His counsel asked an exception. The judge said "You may show where he was." His counsel continued "I offer to show by this witness that when he took his position alongside the car he considered himself in a safe position"; and the judge replied "I shall admit the offer. I exclude it." An exception was there saved. The ruling was right. In substance this was the offer of the opinion of the witness with regard to the safety of his position — a matter for the determination of the jury after learning the facts in regard to the position. Such evidence is not admissible. *Whitman* v. *Boston Ele-*

*vated Railway*, 181 Mass. 138. See *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 235. *Blanchette* v. *Union Street Railway*, 248 Mass. 407, 414. It differs from the admissible evidence of the forming of a judgment as a basis for action to be taken where that decision and action are among the facts to be weighed by the jury in determining the character of the act. *McCrohan* v. *Davison*, 187 Mass. 466. *Gadbois* v. *Bay State Street Railway*, 216 Mass. 188, 190.

*Exceptions overruled.*