### CLARA M. SEMONS *vs.* MARY M. TOWNS.

Norfolk.   May 9, 1933. — January 2, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Negligence,* Motor vehicle, Invited person, Contributory, In use of way. *Practice, Civil,* Verdict, Exceptions, Ordering of judgment by the Supreme Judicial Court.

Evidence, at the trial of an action for personal injuries, that the defendant, who was the owner of an automobile but was not licensed to operate it, importuned the plaintiff, who was licensed to operate motor vehicles, to go out to drive the automobile for the defendant, to which the plaintiff consented; that the plaintiff drove the automobile during the greater part of the journey, but had nothing to say as to where they should go or how they should get there; and that the plaintiff was injured during the journey when the automobile struck a tree while, against the plaintiff's objection, it was being operated by the defendant, warranted a finding that the plaintiff was riding in the automobile not simply as a guest, but for the benefit of the defendant in order to furnish to the defendant the protection of the plaintiff's license to drive and the advantage of his skill as a driver; and the plaintiff, if not guilty of contributory negligence, was entitled to recover upon proof of mere negligence on the part of the defendant.

There was further evidence at the trial above described that the defendant had had some lessons in driving; that, after a stop on the journey in question, the defendant wished to drive, to which the plaintiff agreed on condition that the defendant yield the wheel to the plaintiff at the end of a short, straight stretch of road; that when they had reached that point the defendant refused to yield the wheel; that, although the defendant was driving faster than the plaintiff approved, the plaintiff did not wish to grasp the wheel or operate the stopping mechanism, which was within his reach, while the car was moving so rapidly; that

the defendant appeared to be a nervous driver, was unsteady in his handling of the steering wheel, so that the automobile to some extent went back and forth from one side of the road to the other, and was "fond of stepping on the gas"; and that, when the driver of another automobile sounded his horn to pass from the rear, the defendant became nervous, swayed the automobile, jerked the wheel, and "turned it quick to the right," whereupon it struck the tree, despite the plaintiff's effort to stop it by pulling up the emergency brake. *Held*, that

(1) A finding of negligence on the part of the defendant was warranted;

(2) It could not properly have been ruled as a matter of law that the plaintiff was negligent in entering the automobile or in failing to grasp the stopping mechanism before he did, or that he was guilty of contributory negligence.

The declaration in an action for personal injuries contained a first count for negligence and a second count for gross negligence. The trial judge ordered a verdict for the defendant on the first count, to which the plaintiff alleged an exception; and denied a motion by the defendant that a verdict be ordered in his favor on the second count, to which the defendant alleged an exception. There was a verdict for the plaintiff on the second count. Neither party saved an exception to any ruling as to evidence or to any instruction in the charge to the jury. This court, having decided that the plaintiff, if not guilty of contributory negligence, was entitled to recover upon proof of mere negligence on the part of the defendant and that the evidence warranted a finding of such negligence and did not require a ruling that the plaintiff had been guilty of contributory negligence, *held*, that

(1) The plaintiff's exception must be sustained;

(2) Since gross negligence differs from simple negligence in degree but not in kind, the verdict for the plaintiff on the second count, in which gross negligence was alleged, established that the defendant was guilty of at least simple negligence and that the plaintiff was not guilty of contributory negligence;

(3) It was not necessary for this court to consider the question, whether the evidence warranted a finding of gross negligence on the part of the defendant;

(4) Inasmuch as the measure of damages would be the same on both counts and this court had all the material facts before them after a fair trial, the defendant's exception was overruled and judgment was ordered entered for the plaintiff on the verdict pursuant to G. L. (Ter. Ed.) c. 231, § 124.

TORT. Writ dated March 7, 1928.

The action was tried in the Superior Court before *Macleod*, J. The amended declaration and material evidence are described in the opinion. The judge ordered a verdict for the defendant on the first count of the declaration, to which the plaintiff alleged an exception; and

denied a motion by the defendant that a verdict be ordered in her favor on the second count, to which she alleged an exception. There was a verdict for the plaintiff on the second count in the sum of $2,500.

*R. H. Lee*, for the defendant.

*J. P. Manning*, for the plaintiff.

WAIT, J. The plaintiff was injured while riding in an automobile owned and driven by the defendant. She sued in two counts, the first alleging negligence, the second alleging gross negligence.

At the trial there was evidence which would support findings in substance as follows: The plaintiff held a license to drive motor vehicles. The defendant had taken lessons in driving but had not obtained a driver's license. She had met the plaintiff but once before August 8, 1927, when on that day she telephoned to the plaintiff to ask her to go out and drive the defendant's automobile for her. When the plaintiff sought to decline, she begged and teased her to go, and said she would repay her in some way. The plaintiff consented to go if she might drive. The defendant agreed. The plaintiff had nothing to say as to where she should go or how she should get there. They drove to an inn beyond Nantasket where they took lunch. After lunch the defendant got into the automobile and turned it. While doing so she struck an object and bent the bumper so that some repair was needed before the car could again be driven. The plaintiff got in after the bumper repair and started driving on their return trip. On the way they stopped at some woodland by the roadside. The defendant got out and induced the plaintiff also to alight. The defendant slipped into the driver's seat and, on the plaintiff's return, refused to leave it. Although the plaintiff protested, the defendant, provoked, insisted that she owned the car and could do as she wanted to with it. After argument, the defendant promised if she could drive a short way to a point in sight at the end of a level stretch of road she would yield the wheel to the plaintiff. There was not much traffic at the time. The plaintiff, thereupon, entered the car and they moved on, the defendant driving. When

the point designated was reached, the plaintiff requested the defendant to drive to the side of the road and return the wheel to her. The defendant objected and kept on driving faster than the plaintiff approved, "stepping on the gas" and keeping going. The plaintiff did not wish to grasp the wheel or operate the stopping mechanism, which was within her reach, while the car was moving so rapidly. In the village of North Weymouth a car passed near them from behind. The defendant swerved to her right toward a tree. The plaintiff grasped the emergency brake and pulled it up. They crashed into the tree and injured the plaintiff. The driver of the vehicle which passed them estimated the defendant's speed at about twenty miles per hour, and testified that he "did not notice anything out of the ordinary in the way the defendant's car was being operated." He stopped and went back on hearing a crash behind him. There were statements made that he had hit the defendant's car in passing. He had not known it, if he did. The plaintiff at other times had stated that they had been "sideswiped" but, in her testimony, denied that they had been hit. She described the defendant as a nervous driver, twitching the wheel from side to side, fond of "stepping on the gas," driving at about thirty miles an hour and unsteady at the wheel so that the car was going sidewise from one side of the road to the other "not very much, but back and forth." When the passing car blew its horn the defendant became nervous, swayed the car, jerked the wheel and "turned it quick to the right."

The judge ruled that the plaintiff could not recover on the first count for simple negligence, but allowed the count for gross negligence to go to the jury. The jury found for the plaintiff. The defendant excepted to the denial of her motion to order verdicts for the defendant on both counts. The plaintiff excepted to the ruling that she could not recover on the first count. Both bills of exceptions are before us.

Our law is settled that a guest injured while riding in his host's automobile cannot recover for simple negligence in its operation, but, if he has not contributed to his injury

by carelessness on his own part, may recover for gross negligence. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *Cook* v. *Cole*, 273 Mass. 557. *Jacobson* v. *Stone*, 277 Mass. 323. It is also established that gross differs from simple negligence in degree but not in kind. *Altman* v. *Aronson*, 231 Mass. 588. The questions for decision are whether on such evidence (1) the relation of guest and host existed as matter of law, and whether, (2) as matter of law, the defendant's conduct could be found to be grossly negligent.

1. Upon the evidence a jury properly could find that the plaintiff was attending the defendant not simply as a guest, but rather as one riding for the benefit of the defendant in order to furnish the latter the protection of her license to drive and the advantage of her skill as a driver, and therefore, within the principle of our decisions in *Lyttle* v. *Monto*, 248 Mass. 340, *Labatte* v. *Lavallee*, 258 Mass. 527, *Jackson* v. *Queen*, 257 Mass. 515, and *Hall* v. *Smith*, 283 Mass. 166, entitled to recover for simple negligence. It follows that there was error in ruling that no recovery could be had under the first count and the plaintiff's exception must be sustained.

2. Whether the evidence justified a finding of gross negligence is rendered immaterial by the foregoing decision. We do not consider it. Manifestly a verdict for simple negligence was permissible.

3. The evidence did not require a finding of contributory negligence by the plaintiff. The case differs essentially from *Laffey* v. *Mullen*, 275 Mass. 277. It is within *O'Connell* v. *McKeown*, 270 Mass. 432, *Gallup* v. *Lazott*, 271 Mass. 406, and *Mason* v. *Thomas*, 274 Mass. 59. It could not be ruled, as matter of law, that the plaintiff was negligent in entering the automobile, or in failing to grasp the controlling mechanism before she did.

4. We see no occasion for sending the case to another trial. No exceptions to rulings as to evidence or to instructions given in the charge are claimed by either party. The finding for the plaintiff disposes of any question of contributory negligence. As the greater includes the less, the finding of gross negligence establishes that the defendant was

negligent. The measure of damages is the same whether the negligence was gross or simple. The defendant was not aggrieved since she had the benefit of a ruling that no recovery could be had for simple negligence, and the plaintiff is not, because she was given a verdict on the second count. There has been a fair trial; all the material facts are before us, and, pursuant to G. L. (Ter. Ed.) c. 231, § 124, the defendant's exception is overruled, and judgment for the plaintiff on the verdict is to enter.

*So ordered.*