Morton, J.
This action was tried together with one against the same defendant in which one Louise M. Devlin was the plaintiff, and numbered 756 of 1935. The facts are identical in both cases. The plaintiffs seek to recover for injuries sustained while passengers in a motor vehicle operated by the defendant. The declaration in each case contained two counts, one to recover for the alleged negligence of the defendant, the other for the alleged gross negligence of the defendant. The answer in each case was a general denial, contributory negligence and lack of agency.
The evidence tended to show that the automobile in question was owned by one Wallacé, and the plaintiffs and the defendant were riding therein as his guests. On the day of the accident Wallace, accompanied by the defendant, called at the home of one of the plaintiffs to take them for a ride, in fulfillment of an invitation previously submitted. When the ride started Wallace operated the motor vehicle with the defendant beside him on the front seat, and the two plaintiffs in the rear. After riding for some distance Wallace stopped the ear and changed seats with the defendant so as to permit her to continue in the operation thereof. The defendant had no license to operate and was operating on the license of Wallace who was teaching her to drive while seated beside her upon the front seat of the vehicle.
The report states that a finding of gross negligence on the part of the defendant would not be warranted; but that there was evidence introduced from which the Court would be warranted in finding either that the defendant was, or *350 was not, negligent, or that the plaintiffs were, or were noty in the exercise of due care.
The following four requests for rulings were filed by the plaintiffs:
“1. The plaintiff is presumed to be in the exercise of due care.
2. If the Court finds that the plaintiff was in the exercise of due care, and that the defendant was negligent, the plaintiff is entitled to recover. .
3. The plaintiff is not required to show or prove that, the defendant operated the motor vehicle in which the plaintiff was riding in a grossly negligent manner in order to recover.
4. The defendant operated this motor vehicle in a grossly negligent manner.”
In each case the first request was allowed, the remainder denied, and a finding was entered for the defendant.
The reference in the report to the findings which would be warranted was obviously for the purpose of raising the issue as to whether or not, upon the facts reported, the plaintiffs can recover for ordinary, as distinguished from gross, negligence. The issue was raised by the denial of the second and third requests as the fourth request was properly denied in view of the facts set forth in the report.
This issue depends upon the relationship between the defendant and the owner of the car. The defendant contends that the operator was an agent of the owner, and in' addition thereto contends that the situation is covered by the provision of Gr. L. c. 90, §10. It is unnecessary either to accept or reject the contentions of the defendant as we think the situation arising in the instant case is covered by the case of Semons v. Towns, 285 Mass. 96. In that case the unlicensed owner of an automobile requested the plaintiff to drive the vehicle for her. As an incident of the operation thereof, the defendant, against the wish of the plain *351 tiff, took the wheel and operated the car negligently, causing injuries to the plaintiff. Although there were elements in that case absent from the facts in the instant case, we think that the language in the opinion at page 100 would apply to the instant case, even though in the latter the owner was a licensed operator and was giving instructions to the defendant in the operation thereof. The language referred to is as follows:
“Upon the evidence a jury properly could find that the plaintiff was attending the defendant not simply as a guest, but rather as one riding for the benefit of the defendant in order to furnish the latter the protection of her license to drive and the advantage of her skill as a driver, and therefore, ...”
At the time of the accident the defendant, although originally a guest, was one for whose benefit the owner, Wallace, was then riding, so that he could give her the protection of his license to drive, and the advantage of his skill as a driver. Under these circumstances Wallace, the owner, by virtue of the authority of Semons v. Towns, supra, could recover if in the exercise of due care, and the defendant was guilty of ordinary negligence.
Although, under the circumstances set forth in the report, the plaintiffs could recover against Wallace, the owner, only upon proof of gross negligence on the part of the operator— Mason v. Thomas, 274 Mass. 59, we think they are not obliged to establish gross negligence on the part of the defendant to recover in the instant action as obviously a guest of an owner would not be in any worse position than the owner himself. By that we mean that if the owner could recover for ordinary negligence, his guests could recover upon the same basis. By virtue of Semons v. Towns, supra, the owner, Wallace, could, under certain circumstances, recover damages for injuries suffered in consequence of the ordinary negligence of the defendant, whom he was teaching to drive. Under the same circumstances, *352 the plaintiffs, his guests, could recover for the ordinary negligence of the defendant. It was, therefore, error prejudicial to the rights of the plaintiffs to deny the second and third requests for rulings filed by them. In conseqeunce thereof an order will be entered vacating the finding; for the defendant, and ordering a new trial upon the merits.