Hibbard, P. J.
The sole question for determination in this case is whether the subsidiary findings of the Trial Judge require a conclusion at variance with his finding that the defendant’s gross negligence caused the plaintiff’s injuries. Savin vs. Black, 1937 A. S. 903; Dombrowski p. p. a. vs. Gedman, 1937 A. S. 1769.
The subsidiary findings were based upon the testimony of the plaintiff and the answers of the defendant to the *125 plaintiff’s interrogatories. Succinctly stated they were these:
The plaintiff, the defendant and three others attended a dance in Templeton. About midnight, they left. The plaintiff, a guest passenger, was sitting in the left rear seat of the automobile operated by the defendant. They proceeded along a highway which for convenience may be designated as the Templeton Road. This road forms the leg of a T and at its top, to continue the analogy, it intersects a road which to the right runs to Baldwinsville and to the left to Athol and forms the arms of the T. At a point some eight hundred feet away from the intersection the car occupied by the plaintiff and defendant passed another vehicle going in the same direction at which time the defendant was proceeding at a speed of about forty miles per hour. At or near the time of the passing the plaintiff spoke to the defendant saying “Go easy.” Thereafter the defendant somewhat reduced the speed of the car and continued at a rate of from thirty-five to forty miles per hour. There was no evidence of substantial slackening of the speed as the intersection was reached. . The defendant over-ran the intersection and in turning to the right toward Baldwinsville the car mounted the curb and ran on the sidewalk for a distance of about seventy-five feet when as the defendant was turning it to the right and back into the. road the rear swung or swayed against a pole. The collision with the pole caused the injuries to the plaintiff for which the action was brought. The car proceeded only about three feet after it struck the pole.
The Trial Judge filed a decision. At the risk of repetition the material part thereof is quoted:
“I find that the plaintiff was riding in the left rear seat of a car owned and driven by the defendant as a guest passenger at twelve o ’clock midnight on August *126 10, 1934. I find that the plaintiff requested the defendant tojsjacken the speed of the automobile prior to approaching the junction of the Templeton Road with Route 2 at Baldwinsville. I find that the automobile of the defendant travelled through the intersection to the left-hand side of the highway known as Route 2, over the curbing and upon the sidewalk on the left-hand of the highway, at which time the left-hand rear of the automobile collided with a telephone pole causing injuries to the plaintiff on his forehead, cheek, chin and neck. I find that the speed of the automobile by the defendant, together with the other attendant circumstances was such as to- constitute gross negligence, and I therefore find for the plaintiff in the sum of Four hundred ($400.) dollars, and costs.”
It appears from the foregoing that if the defendant is to be found guilty of gross negligence the bases must be the rate of speed, the fact that the plaintiff spoke to him once and that he over-ran the intersection and did not bring his car back onto the Baldwinsville Road before the collision with the pole. It is significant that the report is silent as to whether the defendant knew the road except that by implication it might be found that they had travelled the same road in a reverse direction when going to the dance. There is also an absence of any evidence as to the character of the road, the weather conditions, whether the road runs through a wooded section, whether there are any lights and particularly a warning light facing the Templeton Road, and also the general conditions at the intersection.
There is a long line of cases in our reports in which gross negligence is sought to be defined. The best known and most quoted is Altman vs. Aronson, 231 Mass. 588. In it the definition is as follows:
“Very great negligence or the absence of slight diligence or the want of even scant care. It amounts to *127 indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence.”
A later definition is to be found in Lynch vs. Springfield Safe Deposit & Trust Co., 1936 A. S. 847 wherein the Court said:
61 There is no evidence of deliberate inattention or of voluntary incurring of obvious risk or of impatience of reasonable restraint, or of persistence in a palpably negligent course of conduct over an appreciable period of time. These are some of the more common indicia of gross negligence.”
Elsewhere it has been defined as:
“Materially more want of care than constitutes simple inadvertence” but need not amount to “such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong.” Cook vs. Cole, 273 Mass. 557, 561.
It is usually made up of a combination of circumstances. Cook vs. Cole, supra; Dzura vs. Phillips, 275 Mass. 283, 289.
Ordinarily no one .element of conduct can be ruled to constitute it. McKenna vs. Smith, 275 Mass. 148; Meeney vs. Doyle, 276 Mass. 218.
All the elements entering into a particular happening must be considered in connection with all the other circumstances. Meeney vs. Doyle, supra.
Each case must be decided on its own peculiar facts. Quinlivan vs. Taylor, 1937 A. S. 1187.
A careful examination of all of the reported cases since Altman vs. Aronson, supra, has been made. Tested by the above definitions and those cases the evidence here does not *128 establish gross negligence on the part of the defendant. The speed could have been found to have been excessive at times but by no means extraordinary or even unusual. Lynch vs. Springfield, supra.
The fact defendant over-ran the intersection may have been due to lack of familiarity with the road or to- a momentary lapse of judgment. Lynch vs. Springfield, supra.
Neither alone or in combination with the other factors can it be said to constitute gross negligence.
No case has been found of strict factual likeness but there are some in which the same elements here found were present as in Bank vs. Satran, 266 Mass. 253, and Gardner vs. Renton, 269 Mass. 246, and in both of which the Court held there was no gross negligence.
The plaintiff properly and seasonably presented to the Trial Judge the question whether or not the evidence disclosed gross negligence by the requested rulings which were denied. The plaintiff contends the finding of the Trial Judge must stand if warranted upon any possible view of the evidence and that the question whether the defendant was grossly negligent was properly for the Trial Judge to decide in his fact finding capacity.
“Doubtless there may be cases so near the border line that a tribunal whose duty it is to apply only legal principles cannot reverse the factual conclusion embodied in a verdict. The power to do so must be exercised with the utmost caution.” Burke vs. Cook, 246 Mass. 518, 521. But the instant ease does not fall within that dictum.
The probative effect of the facts here shown must be tested by the standard declared. The measure to be applied is one of law — hence not within the control of the judge in his fact finding capacity. In appropriate cases a ruling can be made that the facts are not sufficient to justify a finding, based wholly upon the existence of gross *129 negligence. The instant case is such an one. The same conclusion might have been reached on the ground that the finding of the Trial Judge being in favor of the party having the burden of proof should be reversed for lack of supporting evidence. Prejudicial error must be found, the finding for the plaintiff vacated and judgment be ordered for the defendant.