CARMEN MYATT *vs.* D & N MOTOR TRANSPORTATION COMPANY (and a companion case[1]). November 4, 1957. Exceptions overruled. These are actions of tort for negligence arising out of a collision involving four tractor-trailer units on Route 1 near Darien, Connecticut, on November 20, 1950, at about 4:30 A.M. Myatt seeks to recover for personal injuries and for property damage to his tractor and the other plaintiff for property damage to its trailer. There were verdicts for the plaintiff in each action, both of which come here upon exceptions of the D & N Motor Transportation Company (hereinafter called the defendant) to the denial of its motion for directed verdicts and to the admission of a question put to the defendant's operator by the plaintiffs in direct examination. An examination of the defendant's consolidated bill of exceptions reveals that the evidence was conflicting. No useful purpose would be served by summarizing it. It is enough to say that in our opinion upon the evidence most favorable to the plaintiffs a question of fact as to the negligence of the defendant was presented for the consideration of the jury so that there was no error in denying the motions for directed verdicts. With reference to the exception to the admissibility of the question put to the defendant's operator it appears from the record that the witness had testified that when he saw flares around the plaintiffs' units he knew that he was approaching a dangerous situation. He was then asked, "[D]id it occur to you as you were driving your equipment towards that dangerous spot that you would be called upon to make an emergency stop?" The answer was, "Yes it occurred to me." The evidence was conflicting as to just where he was when he formed a judgment that he might have to make an emergency stop. If he was fairly near the place of impact, as is indicated by evidence most favorable to the plaintiffs, the jury could find that he did not act as a reasonably prudent man in failing to slow down perceptibly or to bring his vehicle to a stop before the emergency arose. *McCrohan* v. *Davison,* 187 Mass. 466, 467. *Gadbois* v. *Bay State Street Railway,* 216 Mass. 188, 190. See *Reardon* v. *Marston,* 310 Mass. 461.

*Michael T. Prendergast,* for the defendants.

*Charles O. Monahan,* for the plaintiffs.

---

[1] The companion case is by Old Colony Motor Lines, Inc. against D & N Motor Transportation Company & another.