ANNA TERLIZZI *vs.* C. ARTHUR MARSH.

Worcester.    September 27, 1926. — January 5, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Negligence,* Motor vehicle, Invited person, Gross, Contributory.

</div>

Where, at the trial of an action against the operator of an automobile for
   personal injuries received by a girl seven and one half years of age,
   there was evidence that the defendant invited a number of school
   children to ride upon his automobile, and encouraged and permitted the
   plaintiff to stand upon the running board; that as he was turning his
   machine upon a rough roadway at an excessive speed, the plaintiff
   was thrown from the running board and injured, and the terms of the
   invitation, the speed of the turn, and the cause of the fall were in
   controversy, the determination of the questions of the plaintiff's care
   and of the defendant's gross negligence were for the jury and it was
   proper to refuse to order a verdict for the defendant.

TORT for personal injuries. Writ dated December 18,
1922.

In the Superior Court, the action was tried before *O'Con-
nell,* J. Material evidence is described in the opinion. At
the close of the evidence, the defendant moved that a verdict
be ordered in his favor. The motion was denied. There
was a verdict for the plaintiff in the sum of $1,000. The
defendant alleged exceptions.

The case was submitted on briefs.

*D. F. Gay,* for the defendant.

*J. H. Meagher, E. Zaeder, & J. L. Bianchi,* for the
plaintiff.

WAIT, J.    There was evidence from which the jury could
find that the defendant invited a number of school children
to ride upon his automobile, and encouraged and permitted

the plaintiff, a little girl of seven and one half years, to stand upon the running board; that as he was turning his machine upon the rough roadway at an excessive speed, the plaintiff was thrown from the running board and injured.    The terms of the invitation, the speed of the turn, the cause of the fall, were in controversy.    Manifestly, the determination of the plaintiff's care and of the defendant's gross negligence were for the jury.    The judge was right in refusing to direct a verdict for the defendant.    The case is covered by the principles laid down in *Massaletti* v. *Fitzroy*, 228 Mass. 487.    It is distinguishable from decisions like *Marcienowski* v. *Sanders*, 252 Mass. 65, and *Burke* v. *Cook*, 246 Mass. 518.

*Exceptions overruled.*