MAX FORMAN *vs.* FRANK PREVOIR.

Suffolk.    January 16, 1929. — January 30, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Licensee, Motor vehicle, Gross.

At the trial of an action of tort for personal injuries against the operator of a motor truck, there was evidence that the plaintiff saw the truck coming along a street and signalled the defendant for a ride; that the defendant motioned to the plaintiff to come along and stopped the truck ahead of where the plaintiff was standing; that the plaintiff ran around the rear of the truck and tried to board it from the left side, the operator's seat being on the right side; and that, as the plaintiff was standing with one foot on the truck and preparing to take hold of a rod which held the curtain on the left side of the truck, the defendant started the truck abruptly, whereby the plaintiff was thrown off and injured. There was no evidence to show that the curtain rod was visible to the defendant. The trial judge ordered a verdict for the defendant. *Held,* that

(1) The plaintiff had only the rights of a licensee and could not recover unless the defendant was guilty of gross negligence;

(2) A finding that the defendant was guilty of gross negligence would not have been warranted;

(3) The verdict properly was ordered for the defendant.

TORT.    Writ dated July 7, 1925.

Material evidence at the trial in the Superior Court before *Irwin,* J., is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant. The plaintiff alleged an exception.

*F. S. Wyner,* for the plaintiff.

*H. V. Cunningham,* (*H. W. Babb* with him,) for the defendant.

PIERCE, J.   This is an action of tort arising out of an injury sustained by the plaintiff while he was attempting to board an automobile truck, owned and operated by the defendant.   At the close of the evidence the defendant filed, and the judge allowed, a motion for a directed verdict for the defendant.   The case is before this court on the plaintiff's exception to the allowance of the motion.

The testimony for the plaintiff in its aspect most favorable to his contention warranted the finding of the following facts: At about 7:30 A.M. in June, 1925, the plaintiff, then about twenty years of age, while awaiting a street car, saw the defendant coming along Blue Hill Avenue in his auto truck and proceeding in the direction of Boston.   Having ridden with the defendant on previous occasions, he signalled to the defendant and asked him "whether he was willing to take him along with him."   The defendant acknowledged the signal, motioned for the plaintiff to come along, and stopped his machine about ten feet ahead of where the plaintiff was standing.   The plaintiff "ran around the rear of the truck to the left hand side and prepared to board the truck on the left hand side, it being a right hand drive."   As he was "getting on," standing with one foot on the truck and was about to "grab hold of the rod that holds the curtain," the defendant said "Make it snappy.   I am in a hurry," and "started the truck up very abruptly and very fast."   The plaintiff was thrown to the ground and thereby sustained a fractured leg.

On the above facts the plaintiff manifestly was a self invited guest, not riding in the truck at the request and for the benefit of the defendant.   *West* v. *Poor,* 196 Mass. 183. *Flynn* v. *Lewis,* 231 Mass. 550.   As between the plaintiff and defendant the transaction was gratuitous, and unless the defendant was guilty of gross negligence he was not liable in damages for the injury sustained by the plaintiff.   *Massaletti* v. *Fitzroy,* 228 Mass. 487.   There is nothing in the reported evidence to warrant a finding that the defendant should have known when he started the engine that the plaintiff had not taken "hold of the rod that holds the curtain."

His seat was on the right, while the rod was on the left of the entrance to the truck, and there is no evidence reported which would warrant an inference that the rod at the left was visible from the seat of the driver at the right.     Not to ascertain whether the plaintiff was in a position of comparative safety when the car was started may have been an act of negligence, but clearly such failure was not gross negligence as these words are defined in *Al'man* v. *Aronson*, 231 Mass. 588, 591. It results that the verdict was directed rightly, and that the exception must be overruled.

*Exception overruled.*