JOHN F. BYRNE *vs.* TIMOTHY A. DALEY.

Hampden.     September 19, 1934. — September 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* Gross, Motor vehicle.

A finding of gross negligence on the part of an operator of an automobile toward one who was his guest was not warranted on evidence that, while the guest was standing on the left running board of the automobile, with his hand over the bottom of the open window of the left door, which was closed and whose latch was in good condition, the operator started the motor, made a turn and proceeded at a moderate speed for several hundred feet, until he noticed that the guest was not on the running board and that the door was open; that the operator immediately stopped the automobile and found the guest in the road about forty feet back; and that, when open, the door swung toward the front of the automobile and toward the part of the running board upon which the guest stood, there being no evidence that the door was opened by any of the persons inside the automobile.

TORT. Writ dated August 17, 1931.

The action was tried in the Superior Court before *Greenhalge,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. Subject to leave reserved, a verdict for the plaintiff in the sum of $4,800 was recorded. Thereafter the judge denied a motion by the defendant that a verdict be ordered entered in his favor. The defendant alleged exceptions.

*E. Hutchings,* for the defendant.

*H. A. Moran,* for the plaintiff.

RUGG, C.J. The plaintiff seeks to recover compensation for personal injuries sustained while an invited guest in the automobile of the defendant through his gross negligence in its operation. The "facts established by the evidence" were these: The defendant invited the plaintiff and two others to ride in his automobile, which was a coach with front and rear seats, entered by a single wide door swinging forward on each side. They visited an amusement park reached by a driveway not exceeding four hundred feet in length leading off the Boston road, where they remained ten or fifteen minutes. The plaintiff alone alighted from the automobile and purchased food, some of which he gave to the defendant and the other two guests, and some of which he kept for himself. Before the plaintiff had finished eating and while he was standing on the running board of the automobile, with his hand over the threshold of the open window of the closed left door of the automobile, the defendant started his motor. He backed his automobile a few feet to make a turn to go out to the Boston road over the driveway, stopped and shifted the gears and then went slowly forward, completed the turn and proceeded on the driveway to the Boston road and along that road about three hundred feet, when the plaintiff fell. At no time did the speed of the automobile exceed twenty miles per hour. During this time the plaintiff was talking but not about the movements of the automobile. The plaintiff said nothing by way of protest against the starting, operating and driving of the automobile of the defendant. The plaintiff testified that the last he remembered before the accident was just after the automobile passed the gate of the amusement park at the junction of the driveway with the Boston road. The defendant noticed that the plaintiff was not on the running board, and that the left door of the automobile was open. He stopped immediately and found the plaintiff on the road thirty-five or forty feet back. There was no evidence that the door was opened by any person inside the automobile and there was evidence that the door was closed and its latch in good condition before the plaintiff fell. The two separate front seats could be tipped forward. A person

could get to the rear seat of the automobile by opening either door, without tipping forward the front seat, although there was scant room so to do. The plaintiff stood on the running board beside the door on the left side, the window in which was down. When opened the door swung toward the front of the automobile and toward that part of the running board where the plaintiff stood.

The plaintiff, being a guest of the defendant, cannot recover by showing that he was injured by the negligence of the defendant. He can recover only by proving that the gross negligence of the defendant caused his injuries. *Massaletti* v. *Fitzroy,* 228 Mass. 487. Gross negligence has been defined. Its definition need not be repeated. *Altman* v. *Aronson,* 231 Mass. 588, 591, 592. We are of opinion that the evidence in the aspect most favorable to the plaintiff does not show that he was injured by acts of the defendant amounting to gross negligence. The case at bar does not fall within the class of gross negligence cases illustrated by *Terlizzi* v. *Marsh,* 258 Mass. 156; *Connors* v. *Boland,* 282 Mass. 518; *Dow* v. *Lipsitz,* 283 Mass. 132; *Curtis* v. *Comerford,* 283 Mass. 589; *Crowley* v. *Fisher,* 284 Mass. 205. The conduct of the defendant was at most only negligent. *Burke* v. *Cook,* 246 Mass. 518. *Marcienowski* v. *Sanders,* 252 Mass. 65. *McKenna* v. *Smith,* 275 Mass. 149. *Richards* v. *Donohue,* 285 Mass. 19. *Desroches* v. *Holland,* 285 Mass. 495.

The exceptions must be sustained. The case appears to have been fully and fairly tried. Therefore, judgment is to be entered for the defendant under G. L. (Ter. Ed.) c. 231, § 122.

*So ordered.*