CHARLOTTE I. E. SWISTAK *vs.* LIONEL PARADIS.

Bristol.   October 22, 1934. — November 26, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Gross, Motor vehicle, Contributory.   *Practice, Civil*, Exceptions: sufficiency of bill.

At the trial of an action for personal injuries by a girl fourteen years of age against the operator of an automobile, there was evidence that while riding as the defendant's guest, he knowing that she was ill from nausea and dizziness, she asked him to stop to let her out; that the defendant refused to do so; that the plaintiff told him that if he did not stop she would jump out; that he replied, "Try and do it"; that she opened the door and got out upon the running board and again asked the defendant to stop; that he, knowing that she was

on the running board, put on more speed; and that she thereupon slipped or fell from the running board. *Held,* that

(1) The evidence warranted a finding that the defendant was guilty of gross negligence;

(2) A ruling was not required as a matter of law that the plaintiff was guilty of contributory negligence.

The rule of law, that exceptions saved at a trial must be overruled where there is no statement in the bill of exceptions that it contains all the evidence material to the questions of law raised, did not apply where, in a bill setting forth an exception by the plaintiff to the ordering of the entry of a verdict for the defendant, testimony of the plaintiff and of the defendant recited in the bill showed that there was a question of fact requiring submission of the case to the jury.

TORT. Writ dated November 21, 1931.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence is described in the opinion. The judge, after the recording with leave reserved of a verdict for the plaintiff in the sum of $650, ordered entered a verdict for the defendant. The plaintiff alleged an exception.

The case was submitted on briefs.

*H. W. Radovsky,* for the plaintiff.

*F. E. Smith,* for the defendant.

RUGG, C.J. The plaintiff seeks in this action of tort to recover compensation for personal injuries alleged to have been sustained by her through the gross negligence of the defendant while as his guest she was riding in an automobile operated by him. The jury under appropriate instructions returned a verdict in favor of the plaintiff. Under leave reserved, the trial judge later ordered entered a verdict in favor of the defendant. G. L. (Ter. Ed.) c. 231, § 120. The plaintiff's exception to this order brings the case here.

The testimony of the plaintiff and of the defendant in its aspect most favorable to the plaintiff would warrant a finding of these facts: The plaintiff, a girl fourteen years old, having graduated from the ninth grade of school, was attending on June 25, 1931, an outing of her class at Acushnet Park in Fairhaven. While there, she and a friend were invited by the defendant to ride in an automobile. The two girls were ill from dizziness and nausea. They accepted the invitation thinking the ride would relieve

them. They became worse and requested the defendant to take them back to the park so that they could get out. He drove toward the park but on reaching the entrance said he desired to ride around some more. The girls both stated they were ill and wanted to get out. The defendant increased the speed of the automobile; the girls remonstrated and stated they were more ill and wanted the defendant to stop so that they could get out. Each of them said that, if he did not stop, she would jump out. The defendant said to the plaintiff, "Try and do it"; he slowed up to a speed of about twenty miles an hour. The plaintiff, who was sitting on the back seat, opened the door of the automobile behind the defendant without his knowledge and without warning and got onto the running board and shut the door, and again stated to the defendant that she was ill from nausea and wanted him to stop; the defendant put on more speed and the plaintiff fell or slipped off the running board onto the road; as a result of the fall she became unconscious and suffered injuries. The defendant testified that he knew, when the plaintiff and her companion accepted his invitation to ride, that they were sick and suffering from nausea, and that they became worse during the ride; that when they requested him to stop at the park in order that they might alight, he continued beyond the park stating that he wanted to ride some more; and that he then knew he was acting contrary to the wishes of the girls, who seemed to be more ill, and was merely satisfying his own whim and caprice.

If these were found to be the facts, the inference would be permissible that the defendant, although not aware when the plaintiff opened the door of the automobile, stepped on the running board and closed the door behind her, nevertheless knew that she was standing on the running board from the fact that she then spoke to him, told him again of her illness and repeated her request that he stop his automobile, and notwithstanding such knowledge drove on at accelerated speed, thereby causing the plaintiff to fall or slip to the ground. It may not be gross negligence to drive an automobile while a guest is standing, or may be presumed

to be standing, securely on the running board. *Coyne* v. *Maniatty*, 235 Mass. 181. *Forman* v. *Prevoir*, 266 Mass. 111. *Byrne* v. *Daley*, *ante*, 51. But to refuse the request of a dizzy and nauseated guest of the age of the plaintiff standing on the running board, to stop at a proper place in order to permit her to leave the automobile, and at the same time to drive on at a faster rate of speed, may be found to amount to indifference to present binding obligation and to heedless and palpable violation of legal duty which characterize gross negligence as defined in *Altman* v. *Aronson*, 231 Mass. 588, 591–592. The case at bar falls within the class illustrated by *Terlizzi* v. *Marsh*, 258 Mass. 156, where a girl between seven and eight years old was riding on the running board. *Rog* v. *Eltis*, 269 Mass. 466.

Whether the plaintiff was in the exercise of due care, considering her condition of sickness and all the circumstances, was a question of fact and could not have been ruled as a matter of law. *Coyne* v. *Maniatty*, 235 Mass. 181, 185. *Lyttle* v. *Monto*, 248 Mass. 340. *Smith* v. *Boston Elevated Railway*, 266 Mass. 424, 432. *Cieplinski* v. *Severn*, 269 Mass. 261.

The defendant invokes the rule that the exceptions must be overruled because there is no statement in the record that the substance of all the evidence material to the questions of law raised by the exceptions alleged is set forth. That principle is settled, salutary and not infrequently applied. *Commonwealth* v. *McIntosh*, 259 Mass. 388, 391, and cases collected. It is not controlling in the case at bar because the testimony of the plaintiff and of the defendant narrated in the record required the submission of the case to the jury.

It follows that there was error in the order entering verdict for the defendant under leave reserved; it is set aside; the original verdict returned by the jury is to stand and judgment is to be entered for the plaintiff on that verdict. G. L. (Ter. Ed.) c. 231, §§ 120, 124. *Kaminski* v. *Fournier*, 235 Mass. 51, 55.

*So ordered.*