PAUL KILMAIN *vs.* VITTORIO D'URBANO.

GEORGE KILMAIN *vs.* SAME.

Middlesex.    February 8, 1938. — September 13, 1938.

Present: DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Gross, Motor vehicle, Contributory.

Evidence warranted a finding of gross negligence of the driver of an automobile toward a guest riding upon the running board.

In an action for personal injuries against the driver of an automobile, contributory negligence of the plaintiff was not shown as matter of law by the fact that he was injured while riding on the running board with the driver's consent.

TWO ACTIONS OF TORT, the first for personal injuries alleged to have been caused by the defendant's gross negligence in the operation of an automobile; the second by the father of the other plaintiff for consequential damages. Writs in the District Court of Newton dated February 19, 1935.

Upon removal to the Superior Court, the actions were tried before *Dowd,* J., who ordered verdicts for the defendant. The plaintiffs alleged exceptions.

*A. A. Tepper,* for the plaintiffs.

*D. P. Donaldson,* for the defendant.

QUA, J. We think there was evidence for the jury of gross negligence of the defendant.

The jury could have found that while the minor plaintiff, a boy of sixteen and a guest passenger in an automobile driven by the defendant, was riding upon the running board with the defendant's knowledge and consent, the defendant drove down grade at a speed of from forty to forty-five miles an hour upon a narrow street up which groups of children were approaching, disregarded the minor plaintiff's request to "slow down," made at a point about one hundred fifty feet from the place of the accident, and another warning by the minor plaintiff immediately before the accident, swung to the left as he came to the children and then "all of a sudden" swung to the right again, and finally, without reducing his speed, ran into the gutter six inches deep of rough stones and caused the minor plaintiff to be brushed off the automobile by a pole which stood near the edge of the gutter. All these circumstances must be judged with relation to the minor plaintiff's known position on the running board. *Terlizzi* v. *Marsh,* 258 Mass. 156. *Gionet* v. *Shepardson,* 277 Mass. 308. *Swistak* v. *Paradis,* 288 Mass. 377. Compare *Cook* v. *Cole,* 273 Mass. 557; *Stetson* v. *Howard,* 284 Mass. 208.

The fact that the minor plaintiff was riding upon the running board does not establish contributory negligence as matter of law. *Coyne* v. *Maniatty,* 235 Mass. 181, 185. *Lyttle* v. *Monto,* 248 Mass. 340, 342. *Swistak* v. *Paradis,* 288 Mass. 377, 380.

In each case the entry will be

*Exceptions sustained.*