CHARLES POLCARI *vs.* EDWARD CARDELLO.

Middlesex.     May 2, 3, 1944. — June 5, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Negligence*, Gross, Motor vehicle, Use of way.

Evidence, that the operator of an automobile started it when he knew that a guest had not yet entered it and while the guest still was on the running board, and then, after proceeding thirty to forty feet, stopped so suddenly that the guest was thrown through the air over the front fender and injured, did not warrant a finding that the operator was grossly negligent.

TORT. Writ in the First District Court of Eastern Middlesex dated May 12, 1941.

On removal to the Superior Court, the case was tried before *Williams*, J.

*R. L. Ryder*, for the plaintiff.

*R. B. Snow*, for the defendant.

WILKINS, J. This action of tort for personal injuries, received by the plaintiff while a guest rider on the running board of the defendant's automobile, presents the question whether there was any evidence of gross negligence. The jury returned a verdict for the plaintiff, and the judge with the jury's assent reserved leave to enter a verdict for the defendant. A motion of the defendant that a verdict be entered in accordance with the leave reserved was allowed by the judge subject to the plaintiff's exception.

The evidence, given entirely by witnesses called by the plaintiff, showed the following: The plaintiff, aged twenty-

six, and the defendant, a physician of about the same age, who had been together watching a parade in Boston, late in the evening returned on foot to Salem Street, where the defendant's automobile was parked. The plaintiff started to walk home when the defendant, who had gotten into the automobile, opened the window, asked the plaintiff to get in, and said he would drive him home. The plaintiff said, "Yes, I will," mounted the running board to open the left rear door, and took hold of the glass in the front left window, which was open. He had just discovered that the door was locked when the defendant started the automobile. The plaintiff testified that "he started the car so fast I yelled to him, 'Eddie, I am not in the car yet'"; and that the defendant made no reply, but "drove the car thirty-five or forty feet and I was still holding on and he stopped fast and I was thrown from the automobile." In his flight through the air over the left front fender the plaintiff broke off an aerial, and landed unconscious in the street about eight feet from the automobile, sustaining a fractured skull. One witness described the accident in these words, "the car started off sharply, probably went thirty, forty feet and stopped sharp, when it stopped short Mr. Polcari flew over the left fender in the air." Another witness testified that "she saw the car shoot out very fast, . . . that she would say that the car went thirty-five to forty feet before it came to a stop; . . . that she saw the plaintiff as he was shot off the car when it stopped, that it stopped very suddenly and that he, the plaintiff, 'flew from the left front fender and landed out in the middle of the street.'" The defendant testified that he wanted to stop exactly in front of the door at 125 Salem Street, where he was to get his sister-in-law, who had a broken ankle; that he stopped "quite abruptly"; that he knew the plaintiff said something, but did not remember what it was; that he did not wait for the plaintiff to get in; and that he did know that the plaintiff was not in the automobile.

The judge's ruling was right. The substance of the case is that the defendant, with the purpose of running a few automobile lengths to a definite place, started "fast" and

stopped "quite abruptly" without ascertaining whether the plaintiff was in a position of comparative safety. "Apparently he had the automobile under control at all times. There was no collision, no overturning, no departure from the course." *Romer* v. *Kaplan*, 315 Mass. 736, 737. Plainly no great speed was possible in the circumstances. The entire episode could have been of but few seconds' duration. The defendant's conclusion, erroneous as it proved, that he could safely proceed this very short distance and stop where planned without chance of injury to his friend, who was in the vigor of full manhood, did not constitute deliberate inattention or the voluntary incurring of an obvious risk. This case most closely resembles and is no stronger for the plaintiff than *Forman* v. *Prevoir*, 266 Mass. 111, and *Byrne* v. *Daley*, 288 Mass. 51, where it was held that there was no evidence of gross negligence.

*Exceptions overruled.*