JOHN H. THOMAS *vs.* RUSSELL F. FRITZ.

Franklin.    September 19, 1945, — November 1, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Negligence*, Invited person, Motor vehicle, Gross.    *Agency*, Scope of authority or employment.    *Contract*, Of employment.

A plaintiff, standing on the front bumper of a motor truck in order to hold it down and thereby to assist the operator in pushing an automobile of a third person at the request of the plaintiff, was not conferring a benefit on the operator of the truck "in the performance of something in which" that operator "had an interest" and could not rightly have been found to have been a passenger for hire on the truck for that reason.

An employee entitled by his contract of employment to be transported to and from work in a motor truck of his employer operated by another employee was not acting within the scope of his employment and was not by reason of his employment a passenger for hire on the truck when, after the truck had stopped at his home to take him to work and he had requested the operator to push an automobile of a third person, he stood on the front bumper of the truck to hold it down and thereby to assist in the pushing.

A finding of gross negligence on the part of the operator of a motor truck toward one standing on its front bumper to hold it down while the truck pushed an automobile was not warranted by evidence that, after increasing the speed of the truck gradually to about twenty-five miles an hour, the operator gave the automobile "quite a push" and then "stopped very quickly" without warning, causing the person on the bumper to be thrown forward approximately twenty-five feet and injured.

TORT.    Writ in the District Court of Franklin dated December 16, 1943.

Upon removal to the Superior Court, the action was tried before *Leary*, J.

*C. Fairhurst*, (*S. Blassberg* with him,) for the plaintiff.

*J. T. Bartlett*, (*M. J. Levy* with him,) for the defendant.

SPALDING, J.    The judge directed a verdict for the defendant on the first count which was based on ordinary negligence, and submitted the case to the jury on the third count which alleged gross negligence.[1]    The

---

[1] The declaration contained five counts, but the second, fourth and fifth were waived.

jury returned a verdict for the plaintiff which was taken with leave reserved, and thereafter the judge ordered a verdict to be entered for the defendant. To this action and to the direction of a verdict on the first count the plaintiff excepted.

The following facts could have been found: The plaintiff and the defendant were employees of George H. Reed & Co., Inc. (hereinafter called the company), which was insured for workmen's compensation under the provisions of G. L. (Ter. Ed.) c. 152, and the plaintiff had not reserved his common law rights under § 24 thereof. It was the duty of the defendant to transport the employees of the company (including the plaintiff) to and from work each day in a company truck "as a part of their arrangement of employment." On February 19, 1943, the day of the accident, the plaintiff, while waiting in front of his home to be transported to work by the defendant, observed that one Connors was having difficulty in starting his automobile. Connors asked the plaintiff if he thought the driver of the company's truck "would give him a little push when he arrived," and the plaintiff said that he would ask him. In a few minutes the defendant arrived driving a company truck, and the plaintiff, after telling him of Connors's difficulties, asked him if he would "give him a little push." The defendant made no reply but put his truck into position behind Connors's automobile. Tuttle, a fellow employee of the plaintiff and the defendant and a passenger in the truck, got out of the truck and directed the defendant "up against the other car." Tuttle, thinking that the bumpers of the two vehicles "didn't mesh very well," stood on the left side of the front bumper of the truck to hold it down, and the plaintiff, at Tuttle's suggestion, stood on the opposite side of the bumper grasping the small radiator cap with one hand and the headlight with the other. The truck, driven by the defendant, then pushed the Connors automobile to the farther end of a railroad bridge about two hundred fifty feet away at which point it left the truck and continued on its way. The road up to the bridge was slightly up grade. Beginning at the farther end of the bridge, which was flat,

the road was down grade. "There was ice on the road, but it was well sanded." While pushing the Connors automobile the defendant gradually increased the speed of the truck so that when it reached the bridge it was going at about twenty-five miles per hour. At this point the defendant, after giving the Connors automobile "quite a push," "stopped very quickly" without any warning, causing Tuttle and the plaintiff to be thrown forward approximately twenty-five feet. As a result of being so thrown the plaintiff sustained injuries.

1. The judge rightly directed a verdict for the defendant on the count for ordinary negligence. The plaintiff argues that his status on the truck at the time he was injured could be found to be that of a passenger for hire and that he could recover on proof of ordinary negligence. To acquire this status the plaintiff had the burden of proving that at the time that the accident happened he was "conferring a benefit in the performance of something in which the defendant had an interest." *Hall* v. *Smith*, 283 Mass. 166, 168. *Woods* v. *Woods*, 295 Mass. 238, 242–243. *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282, 284. *Donovan* v. *Johnson*, 301 Mass. 12, 14.. The benefit need not be of a pecuniary nature. *Lyttle* v. *Monto*, 248 Mass. 340. *Semons* v. *Towns*, 285 Mass. 96, 100. Nor need it arise out of a contract. *Hall* v. *Smith*, 283 Mass. 166, 169. The plaintiff contends that he was conferring a benefit on the defendant by standing on the bumper with Tuttle in order to hold it down. Much reliance is placed on the statement made by the defendant while testifying, that he "knew that there was a possibility that the two bumpers might override, but . . . [he] trusted both of the men to protect . . . [him] in that respect." But we are of the opinion that a reasonable interpretation of the evidence compels the conclusion that the plaintiff while standing on the bumper conferred no "benefit in the performance of something in which the defendant had an interest." See *Woods* v. *Woods*, 295 Mass. 238. The case of *Semons* v. *Towns*, 285 Mass. 96, on which the plaintiff strongly relies, is not in conflict with the conclusion here reached. In that case it was held that the plaintiff could be

found to be attending the defendant not simply as a guest, but rather as one riding for the benefit of the defendant in order to furnish the latter the protection of her license to drive and the advantage of her skill as a driver.

But the plaintiff further argues, in effect, that apart from whether he conferred a benefit on the defendant in the manner just discussed, he was a passenger for hire by reason of his contract of employment. (We assume, as the defendant concedes, that if the plaintiff was injured while riding in a normal position in the truck while being transported to work under his contract of employment, he would have been a passenger for hire. See *Loftus* v. *Pelletier*, 223 Mass. 63; *Allen* v. *Allen*, 299 Mass. 89, 90.) The plaintiff, however, elsewhere in his brief argues, as he must, that his injuries were not in any way related to his contract of employment and thus were not compensable under G. L. (Ter. Ed.) c. 152; otherwise, since the company was insured and the plaintiff had not reserved his common law rights under G. L. (Ter. Ed.) c. 152, § 24, he would be compelled to rely on his remedies under the compensation act and could not maintain this action against the defendant. *Caira* v. *Caira*, 296 Mass. 448. *Murphy* v. *Miettinen*, 317 Mass. 633, 635, and cases cited. G. L. (Ter. Ed.) c. 152, § 15, as amended. These contentions are inconsistent; both cannot be true. We are of opinion that a finding that the position of the plaintiff on the bumper bore any relation to his contract of employment would not have been warranted.

2. The plaintiff argues that, if he was not a passenger for hire, he was a guest, and that the evidence would warrant a finding of gross negligence. Assuming that the plaintiff was a guest rather than a licensee, we are of the opinion that, although the evidence would warrant a finding of negligence, it does not rise to the degree of gross negligence as we have defined it. See *Altman* v. *Aronson*, 231 Mass. 588, 593; *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170; *Pittsley* v. *David*, 298 Mass. 552, 558; *Driscoll* v. *Pagano*, 313 Mass. 464. The case at bar is governed by *Polcari* v. *Cardello*, 316 Mass. 421, rather than by *Terlizzi* v. *Marsh*, 258 Mass. 156, and *Swistak* v. *Paradis*, 288

Mass. 377, on which the plaintiff relies. The entry of the verdict for the defendant under leave reserved on the third count was right.

*Exceptions overruled.*