JEREMIAH J. HANLON, administrator, *vs.* WHITE FUEL CORPORATION
(and a companion case[1]).

Suffolk.  February 5, 1952. — March 3, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Motor vehicle, Invited person. *Motor Vehicle,* Passenger for hire. *Damages,* For death, For tort. *Death.*

A finding of negligence on the part of the operator of a motor truck toward an invitee of his standing on the running board and holding onto a door handle with one hand and an iron ladder on the side of the truck with the other hand was warranted by evidence that the invitee was visible to the operator and that the operator started the truck with an unnecessary jerk so violent as to throw the invitee off the running board and to throw down other persons in the body of the truck.

Evidence of the circumstances in which the owner of a motor truck lent it and an employee to operate it to a church for the collection of papers in connection with a paper drive, and one of a group of boys volunteering their services to pick up the papers and place them in the truck was told by the operator to get on the running board preparatory to moving on to the next pile of papers, warranted a finding that such boy was on the running board for the benefit or advantage of the operator and had the status of an invitee of his to whom he owed a duty of exercising reasonable care in the operation of the truck.

An action for death under G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A, did not fail for want of proof of pecuniary loss if the other elements of liability were proved.

TWO ACTIONS OF TORT. Writs in the Superior Court dated February 25, 1948, and September 14, 1948, respectively.

The actions were tried before *Baker,* J.

---

[1] The companion case is by the same plaintiff against John J. Barrett.

*S. P. Sears,* (*H. I. Klarfeld* with him,) for the plaintiff.

*E. Martin,* (*E. F. Hennessey* with him,) for the defendants.

RONAN, J.   These two actions were brought to recover compensation for the death and conscious suffering of the plaintiff's nine year old son, who was run over on a public way by a truck owned by the defendant White Fuel Corporation and operated by its employee, the defendant Barrett. Each declaration contained a count for death, and a count for conscious suffering based upon ordinary negligence and one based upon gross negligence.   At the close of the evidence, the judge, subject to the exceptions of the plaintiff, directed a verdict for each defendant on all the counts alleged in the action against that particular defendant, the parties stipulating that, if the count for death in either or both actions should have been submitted to the jury, judgment was to be entered upon that count for $4,000, and that, if any of the counts for conscious suffering should have been submitted to the jury, then judgment was to be entered on that count for $3,500, provided that in no event was the plaintiff to collect more than $4,000 for the death or more than $3,500 for conscious suffering.

The jury could find the following facts.   The corporation donated its truck and an operator to a church for the collection of waste paper in connection with a paper drive conducted in the interests of the church.   The truck was a large, open body coal truck with dual rear wheels and a cab in front on each side of which was a running board.   Between the door of the cab and the body was an iron ladder which was apparently used to enable one to climb into the body of the truck.   It was the duty of Barrett, who was paid by the corporation, to operate the truck which was to be loaded by boys who picked up the newspapers from the sidewalk and threw them into the truck where they were piled up by other boys.   These boys volunteered their services.   As the boys were finishing loading some bundles of paper, Barrett said to three boys, one of whom was the intestate and who were in the street, "Jump on the running board and let's go."   The three boys got on the running

board. At that time there was no one in the cab except Barrett. The intestate as he stood on the running board gripped the handle of the door with one hand and the iron ladder with the other. One boy was on the ladder. Fourteen or fifteen boys were in the truck. Some were on the street near the truck. Barrett started the truck to proceed to the next piles of paper with such a jerk that the intestate was thrown off the running board and in front of the rear right wheel, which passed over him and caused such severe injuries that death followed after a period of conscious suffering. The jerk was so violent that it also threw down some of the boys who were in the body of the truck. The truck was mechanically perfect and Barrett could have started it "as smoothly as he wanted to."

Barrett testified that there were three boys on the running board holding onto the door as the window of the cab was down but the intestate was not one of them, and that his truck was equipped with a mirror that would show him anyone on the right side of the truck including the running board but that it would not show down below the door.

In view of the stipulation, if the plaintiff made out a case on the count for death and the count for conscious suffering based on ordinary negligence in the action against Barrett, we need not consider the remaining count in that action nor any of the counts in the action against the corporation. We consider the action against Barrett.

The jury could find that the intestate was standing on the running board when the truck started, that if his head projected above the lower part of the open window, then he was in plain view of the defendant, but that if his head was below the open window, then his presence on the running board could easily have been discovered by the defendant by looking into the mirror. The defendant could not ignore the presence of the intestate whom he had invited a few minutes before to come upon the truck. He was bound to use a degree of care commensurate to the probable harmful consequences that might result to the intestate from the lack of the exercise of such care. *Ogden* v. *Aspin-*

*wall,* 220 Mass. 100. *Bennett* v. *Marquis,* 325 Mass. 375. On his own testimony that he could start the truck as smoothly as he desired, the jury could find that he could start it without any jerk or at least without such a jerk as would throw the intestate off the running board as he held onto the door handle and the ladder and would throw down some of the boys in the truck. The jury could find that starting the truck in this manner in all the circumstances was a negligent act upon the part of the defendant. *Terlizzi* v. *Marsh,* 258 Mass. 156. That such conduct of the defendant might be found to constitute ordinary negligence, see *Forman* v. *Prevoir,* 266 Mass. 111, 113, *Byrne* v. *Daley,* 288 Mass. 51, 53, and *Thomas* v. *Fritz,* 318 Mass. 622, 625. Proof beyond ordinary negligence of Barrett shown to have caused the death of the intestate was not required to attach liability to Barrett for the death. *Flynn* v. *Lewis,* 231 Mass. 550. *Shapiro* v. *Lyon,* 254 Mass. 110. *Gallup* v. *Lazott,* 271 Mass. 406. There was error in directing a verdict for the defendant Barrett on the death count.

We next consider whether the evidence was sufficient to submit to the jury the count for conscious suffering by reason of the alleged negligence of Barrett. We have already decided that there was evidence of such negligence. It could be found that the intestate was upon the running board as the result of the invitation extended to him by Barrett. Barrett was interested in having the paper removed from the sidewalks of the various streets to which he had been assigned. But he had to depend upon boys to remove the paper and to load the truck. It is a fair inference that Barrett's motive in extending the invitation was to secure the aid of the intestate and his two companions to assist in picking up the old newspapers and putting them in the truck. It is true that these three boys were not actually performing this work but it could be found that at the time of the accident they were on the truck ready to begin work when the truck reached the next pile of papers. See *Warren's Case,* 326 Mass. 718. One is not "a gratuitous passenger if the benefits accruing to the driver from the trans-

portation are not of a pecuniary nature but are in the form of some advantage other than that associated with mere companionship or social intercourse." *Howes* v. *Kelman,* 326 Mass. 696, 699. The evidence was sufficient to show that the intestate was upon the running board for the benefit or advantage of Barrett. *Lyttle* v. *Monto,* 248 Mass. 340. *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282. *Donovan* v. *Johnson,* 301 Mass. 12. *Saragan* v. *Bousquet,* 322 Mass. 14. *Roy* v. *Bacon,* 325 Mass. 173. Consequently, the latter owed him the duty of exercising reasonable care for his safety. The jury could find that there was a breach of this duty. The judge should have permitted this count to go to the jury.

There is nothing in the contention of Barrett that the plaintiff administrator had failed to make out a case in the absence of evidence of any specific items of pecuniary loss. At the time of his death the intestate had a life expectancy of fifty-eight years. The plaintiff made out a case by showing that the death of his son was caused by the negligence of the defendant in the absence of evidence of contributory negligence upon the part of the son. The defendant's liability being established, the plaintiff was entitled to recover damages as provided by the statute then in effect. G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A. This contention of the defendant has been foreclosed by the recent decision of *Beatty* v. *Fox, ante,* 216. See also *Durdle* v. *Baron, post,* 460.

It follows that the plaintiff's exceptions are sustained to the first and second counts in the action against Barrett and, in accordance with the stipulation, judgment for $4,000 is to be entered upon the count for death and judgment for $3,500 is to be entered upon the count for conscious suffering based upon ordinary negligence, and the plaintiff's exceptions relative to the count based upon gross negligence in the action against Barrett and all the plaintiff's exceptions taken in the action against the White Fuel Corporation have become immaterial by reason of the stipulation and are dismissed.

*So ordered.*