RICHARD A. WELTS & another *vs.* WILLIAM L. CALDWELL.

Norfolk.    May 4, 1954.— June 11, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence*, Gross, Motor vehicle.

A finding of gross negligence on the part of the operator of an auto-
bile toward a boy standing on its rear bumper and having at most the
status of a guest there was not warranted by evidence that, as the
automobile proceeded slowly out of a driveway onto a street where the
driveway went "down a little" and "there was a bump in the road,"
the boy was thrown off the right side when the operator "swerved the
car . . . to make a left hand turn and . . . stepped on the gas," and
that "the bump, left hand turn, the acceleration, and his flying off"
"almost happened combined."

TORT.    Writ in the Superior Court dated April 4, 1950.

The action was tried before *Dowd*, J.

*Alfred E. LoPresti*, (*Paul J. Donaher* with him,) for the
defendant.

*Charles H. Walters*, for the plaintiffs.

WILLIAMS, J.    Richard A. Welts, a minor, hereinafter
called the plaintiff, brings this action of tort to recover for
personal injuries received by falling from the defendant's
automobile on Edge Hill Road in Milton.    His father,
Harry Welts, seeks to recover medical expenses.    Of the
four counts in the declaration verdicts were ordered for the
defendant on the first, which charged ordinary negligence,
and on the third, which charged wilful, wanton and reckless
misconduct.    The jury returned verdicts for the plaintiffs
on the second and fourth wherein it was alleged that the
defendant was guilty of gross negligence.    The defendant
excepted to the denial of his motion for directed verdicts on
these counts.

The accident in which the plaintiff was injured occurred
about 10 P.M. on February 18, 1949.    On that evening he

had been working as a pin boy in a bowling alley operated by the Cunningham Foundation. The defendant, who was the director of the Foundation, left the alley at closing time with several of the pin boys and went to his automobile to drive home. There was evidence that the plaintiff, who was fourteen years of age, and another boy named Douglas were then standing on the rear bumper of the automobile. The defendant said nothing to the plaintiff but entered the automobile with three other boys whom he had offered to drive home and started to drive around the circular driveway in front of the Foundation building. The plaintiff and Douglas remained on the rear bumper. The driveway was constructed of asphalt and led to Edge Hill Road. Where it joined the road it extended into and formed part of the sidewalk. It went "down a little" where it joined the street. There was no curbstone. The plaintiff testified that in proceeding around the driveway "the motor vehicle travelled at maybe 10 miles an hour . . . ; that when Mr. Caldwell approached Edge Hill Road, he slowed down to almost a stop or five miles an hour and that after 'he swerved the car, you know, to make a left hand turn and as he stepped on the gas, [the plaintiff] felt himself thrown off to the right hand side'; that there was a bump in the road as you enter onto the street; that this almost happened combined, the bump, left hand turn, the acceleration, and his flying off." The plaintiff previously had ridden on the rear bumper of the defendant's automobile four or five times and had not been told that he could not do so. The defendant testified that the boys were not on the bumper when he entered the automobile but that, before he reached Edge Hill Road, he learned from one of the boys in the automobile that they were standing there.

There is nothing in the evidence to indicate that the transportation of the plaintiff was a term of his contract of employment or that in riding on the automobile he was conferring a benefit on the defendant. See *Taylor* v. *Goldstein*, 329 Mass. 161. If, which we do not intimate, it could be found that he was riding at the implied invitation of the

defendant, his transportation was gratuitous. See *West* v. *Poor*, 196 Mass. 183. In order to charge the defendant with responsibility for his injuries there must be evidence that the defendant's conduct was grossly negligent. *Massaletti* v. *Fitzroy*, 228 Mass. 487, 508. In our opinion the case falls within the class illustrated by *Forman* v. *Prevoir*, 266 Mass. 111, *Byrne* v. *Daley*, 288 Mass. 51, *Polcari* v. *Cardello*, 316 Mass. 421, and *Thomas* v. *Fritz*, 318 Mass. 622. The cases of *Terlizzi* v. *Marsh*, 258 Mass. 156, and *Swistak* v. *Paradis*, 288 Mass. 377, cited by the plaintiff, are clearly distinguishable. There was no evidence, in respect to the operation of the automobile, of excessive speed, immoderate acceleration, or a sudden abrupt change of course. The evidence, taken in its aspect most favorable to the plaintiff, did not warrant a finding of gross negligence. The defendant's motion should have been allowed.

*Exceptions sustained.*
*Judgment for the defendant.*