**Francis Paul DeJOSEPH, Plaintiff,**

**v.**

**John A. FARAONE, Administrator of the Estate of Walter M. Christian, Jr., Defendant.**

Superior Court of Delaware.

New Castle.

May 2, 1969.

James P. D'Angelo, Wilmington, for plaintiff.

Raymond L. Becker, Wilmington, for defendant.

QUILLEN, Judge.

Plaintiff sued for personal injuries suffered when the automobile in which he was riding as a passenger left the road and collided with a tree, allegedly due to the negligence of defendant's decedent, who was driving the vehicle. Defendant denied all allegations of negligence. The plaintiff has no memory at all respecting any arrangement he may have had with the deceased whether by way of payment or by way of conferring some other benefit.

At a pretrial conference, it became apparent that the parties disagreed on the question of whether the plaintiff or the defendant had the burden of proof regarding plaintiff's status as a guest or non-guest under the Delaware Guest Statute, 21 Del. C. § 6101. It was determined to decide that question prior to trial. The matter had not been expressly put in issue by the pleadings. At the Court's suggestion, the defendant, by means of a stipulation, set up the guest statute as an affirmative defense and filed the opening pretrial brief on the question of the burden of proof. No significance is attached in this opinion to the fact that the defendant pleaded the guest statute as an affirmative defense in accordance with the suggestion of the Court, which in fact may have been, and in view of this Court's opinion was, a procedurally erroneous suggestion.

The question presented is a serious one and can have serious implications, particularly in situations such as the present case. It should be noted at the outset that this Court has certain obligations. It has an obligation to do its best to interpret the statutory law as it exists and it has an obligation not to make a strained interpretation of the law in order to conform the statute with the social and legal philosophy thought desirable by the Court. Nor can this Court let its sympathy for an injured litigant in a particular case influence its judgment in its interpretation of the law. The retention, modification or repeal of the guest statute is a question resting solely in the sound discretion of the distinguished members of our General Assembly.

■ This Court holds that the passenger plaintiff in a private vehicle who claims the guest statute is not applicable has the burden to prove his status was other than a guest.

■ No Delaware case has been cited to the Court which deals directly with the question presented here. Judgment must begin with the language of the statute which reads in pertinent part as follows:

*"No person transported* by the owner or operator of a motor vehicle \* \* \* as his guest *without payment* for such

transportation *shall have a cause of action* for damages against such owner or operator for injury * * *, in case of accident, unless such accident was intentional on the part of such owner or operator, or caused by his wilful and wanton disregard of the rights of others."

The statute does not operate in the manner of such doctrines as contributory negligence and assumption of the risk as an admission of negligence and avoidance of the consequences. Instead, it says that no passenger without payment shall have a cause of action. The statute affects the duty owed by operators to their guest passengers. It is customary in tort law for the plaintiff to carry the burden of proving a duty and a violation of duty. See Cook v. Pryor, 251 Md. 41, 246 A.2d 271 (1968) which deals with the Delaware Guest Statute.

■ Furthermore, the normal inference to be drawn when a non-carrier is transporting another person is that the passenger is a non-paying guest. This inference is in effect acknowledged by 21 Del.C. § 6101(b) which expressly makes the limitation in actions by guests against private owners and operators inapplicable to public carriers and demonstration rides carrying prospective purchasers.

Thus, this Court feels that the language of the statute itself puts the burden on the plaintiff to show he was other than a guest.

In regard to the law in other jurisdictions, it is almost uniformly accepted that the burden is on the plaintiff to show he was other than a guest. See cases cited at 8 Am.Jur.2d § 899, p. 451–452, ftnt. 6–7 and 5 Blashfield, Automobile Law and Practice (3rd Ed.) § 416.1, p. 11–12. See also Lincoln v. Knudsen, 163 Neb. 390, 79 N.W.2d 716 (1956) and Welts v. Caldwell, 331 Mass. 499, 120 N.E.2d 280 (1954). For statutes using language essentially identical to Delaware's Guest Statute, see

Welty's Estate v. Wolf's Estate, 345 Mich. 408, 76 N.W.2d 52 (1956) and Broadwater v. Coleman, 224 F.2d 186 (10th Cir.1955).

The plaintiff argues, however, that, since our Supreme Court has stated that the guest statute is in derogation of the common law and should be strictly construed [Mumford v. Robinson, 231 A.2d 477 (Del.Sup.Ct.1967)], the burden of proof should be on the defendant to show the plaintiff was a guest. Colorado cases support this argument. See Houghtaling v. Davis, 140 Colo. 327, 344 P.2d 176 (1959); Dobbs v. Sugioka, 117 Colo. 218, 185 P.2d 784 (1947).

■ But strict construction is not a formula which automatically applies to confine in any and every possible way the ultimate effect of a given statute. It is rather a preference towards the narrow interpretation of the language of the statute. The plaintiff is not asking the Court to narrowly interpret the language but rather seeks to curtail the ultimate effect of the statute by mechanically manipulating the burden of proof. This is not what is meant by strict construction. See Blaustein v. Standard Oil Co., 4 Terry 449, 49 A.2d 726, 730 (Sup.Ct.1946).

■ Plaintiff also suggests that placing the burden of proof upon him on the question of guest status coupled with the Deadman's Statute, 10 Del.C. § 4302, would unconstitutionally deprive him of a cause of action. Cf. Coleman v. Rhodes, 5 W.W. Harr. 120, 159 A. 649 (Super.Ct.1932) and Gallegher v. Davis, 7 W.W.Harr. 380, 183 A. 620 (Super.Ct.1936). The immediate answer to this argument is that, on the facts of this case, the plaintiff has no memory insofar as any transaction with the deceased concerning his guest or nonguest status and thus the Deadman's Statute is not barring anything. Furthermore, the Deadman's Statute can in any number of situations cause a case to fail for lack of evidence. It does not, however, extinguish the right to bring a cause of action.

I conclude that the burden is on the plaintiff to show he was not a guest if he wants to avoid the more limited duty standard of the host which is established by the Guest Statute. I will so rule at trial.